# CASES

# SUPREME COURT OF ALABAMA.

### DECEMBER TERM, 1880.

## Tyree *v.* Lyon, Murphy & Co.

*Action on Promissory Note—Plea non est factum.*

1. *Partnership, promissory note of; when onus on plaintiff to show assent of partners to.*—When a promissory note, purporting to have been executed by a partnership, is shown to have been signed by a partner in renewal of a note given for the debt of another firm of which that partner alone was a member, the *onus* is on the plaintiff to show the assent of the other partners to its execution.

2. *Same ; assent of partner to, not implied from silence.*—This assent may be express or implied, but the mere silence of the other partners, when informed of the existence of the note, is not of itself evidence that they had assented to its execution.

3. *Charge; when abstract.*—A charge based wholly or partly on a state of facts, of which there is no evidence, is abstract, may mislead the jury, and is properly refused.

4. *Bona fide holder of partnership note, who is not.*—One who knowingly takes the negotiable note of a partnership in payment of the individual debt of one of the partners, is not a *bona fide* holder or purchaser of such paper, and cannot enforce it against the other partners.

5. *Charge, general; when may be given.*—When there is no evidence of a fact which is necessary to sustain the plaintiff's right to recover, the court may, on request, give a general charge on the evidence in favor of the defendant.

APPEAL from the Circuit Court of Mobile County.

Tried before Hon. H. T. TOULMIN.

This was an action on a promissory note signed by Lyon, Murphy & Co., a partnership composed of Lyon, Murphy and H. H. Smith, and payable to appellant Tyree. There was a judgment by default against Lyon, but Smith and Murphy pleaded *non est factum.* On the trial, it was shown that Tyree lent five thousand dollars to the firm of Smith, Lyon & Co., which was composed of Wm. A. Smith and said Lyon, and took their promissory note for the amount. The note was

[Tyree v. Lyon, Murphy & Co.]

twice renewed, and twenty-five hundred dollars was paid on it. Wm. A. Smith died, and Lyon formed a partnership with Murphy and H. H. Smith, under the firm name of Lyon, Smith & Co. The note declared on, was signed by Lyon, in the firm name of Lyon, Smith & Co., and was given in renewal of the note of the former firm of Smith, Lyon & Co. The proof showed that the renewal of the note was made in the office of Lyon, Murphy & Co., who were present, but who were not shown to be aware of the transaction. It further appears, that H. H. Smith drew the check for interest due on the renewal of the note; that there was a pencil memorandum of the note in the bill book kept by Lyon, Smith & Co., but this memorandum was not shown to have been brought to the notice of the other partners; and that Lyon, Smith & Co., were in possession of the stock and assets of Smith, Lyon & Co. There was no agreement by Murphy and Smith, when they formed with Lyon the partnership of Lyon, Smith & Co., that they, as that firm, would assume the debts of Smith, Lyon & Co. The note was renewed in the name of Lyon, Smith & Co., by Lyon without the knowledge or consent of Murphy or Smith.

The plaintiff requested the following charges, which the court refused to give, and the plaintiff excepted:

"If the jury believe from the evidence that the note was made without the knowledge or consent of Murphy, but after it was made he had knowledge of the fact and remained silent after discovering it, that then, this would be evidence of assent prior to, or subsequent to the making of the note, but not conclusive as matter of law.

"3. If they should believe from the evidence that the note was made without the knowledge or consent of Murphy, but after it was made he had knowledge of the fact, and ratified it, or that the partnership of Lyon, Murphy & Co., were benefited by it, that then, he is liable for the amount of the note declared on.

"4. That it was no defense to an action by a *bona fide* holder of a note drawn in the name of the firm, that it was given for the debt of one partner without the consent of the remaining partners, and if you should believe from the evidence that the late firm of Smith, Lyon & Co. were indebted to the plaintiff in the sum of two thousand five hundred dollars, and the plaintiff had the note of said firm for said sum of money, and that the note declared on was made and delivered to plaintiff by Jas. F. Lyon for the same sum of money, and that when the note declared on was delivered to plaintiff, he delivered to said Lyon the note he held, and that the plaintiff had no knowledge at the time that said note

[Tyree v. Lyon, Murphy & Co.]

was made without the consent of Murphy, that then the plaintiff would be a *bona fide* purchaser.

"5. If the jury should believe from the evidence that the late firm of Smith, Lyon & Co. were indebted to plaintiff, and plaintiff held their note for said indebtedness, and that after the firm of Lyon, Murphy & Co. was formed, said note was renewed by giving the note each time of Lyon, Murphy & Co., and that James F. Lyon each time signed the firm name to each of said notes, and plaintiff had no knowledge that the other members of the firm did not authorize or know of it, then the plaintiff has the right to recover.

"6. If you should believe from the evidence that a memorandum of the note declared on, was made upon the book of bills payable, owned and used by the firm of Lyon, Murphy & Co., and it was seen by Murphy, and he made no objection to it, that then he is liable for the amount of said note.

"7. That it is not necessary to entitle the plaintiff to recover, that the proof in his favor should be conclusive; if you believe the evidence establishes, *prima facie*, a good cause of action, it is sufficient."

The court charged the jury, on request, that if they believed the evidence, they must find for the defendant, Murphy. There was a verdict and judgment for the defendants Murphy and Smith, and the errors assigned are, the refusal to give the charges asked by the plaintiff, and giving the general charge at the request of the defendants.

BOYLES, FAITH & CLOUD, for appellant.—A promissory note executed by one of a firm in the firm name is *prima facie* a partnership transaction, and binding on the firm, and the assent of his co-partners to its execution, or their ratification of it may be implied from circumstances, and need not be proved by express agreement.—34 Miss. 352; 2 Ala., 511; 14 Mun. 133: 2. Watts & Serg. 152; 3 Peck. 11; 1 Dev. & B. Eq. 284; 5 Jones, 32; 4 Scam. 378; 18 Tex. 401; 8 Cush. 205; 9 Bush, (Ky.) 417; 39 Iowa, 640; 14 Wend. 133.

2. If after the note was made Murphy knew of the fact and remained silent, and made no objection, this would be evidence of assent prior or subsequent to the making of the note, and his presence at the time of Lyon's signing the note is evidence of his assent.—23 Georgia, 170; 14 Iowa, 157; 1 Sneed R. 254 and 257; 25 Ill. 48; 2 Watts and Serg. 152; 2 Story on Part. 273.

3. If Murphy knew of the pencil memorandum of the note in the bill book of Lyon, Murphy & Co., and made no objection to it, he is bound by it, and the presumption is that

being a partner he had access to the partnership book and knew the entries therein.—4 Metcalf, 577 ; 24 Ill. 171 ; 5 Mass. 176. An entry made by one partner in the books of the firm during the partnership, will after its termination be evidence against the other partner, if he knew of the entry and had opportunity to examine the books, and did not dissent from it.—23 N. J. Eq. 174.

4. A co-partner may bind his co-partner in his individual transaction, if it is shown that he authorized or ratified it, or that the partnership was benefited by it.—30 La. An. Part II, 1230 ; 37 Mo. 567.

5. If the evidence established *prima facie*, a good cause of action, it is sufficient, and the charge to this effect should have been given.—3 Ala. 536.

J. LITTLE SMITH, and G. L. SMITH, for appellees.—1. The burden of proof was on plaintiff to show that Murphy & Smith had ratified the making of the note, or in some way had become bound on it.—56 Ala. 23 ; 1 Stew. 526 ; 2 Ala. 512 ; 31 Ala. 332 ; 1 Port. 235 ; 15 Ala. 275 ; 30 Barb. 120 ; 57 Pa. St. 531.

2. There was no express ratification ; and implied ratification supposes that the conduct constituting the ratification is only explicable on the hypothesis of a ratification. But mere silence can raise no such hypothesis under the proof in this case.—27 Ala. 612 ; 7 Ala. 377 ; 62 Ala. 186.

3. Murphy would not be liable merely because his firm may have been benefited by the execution of the note.—8 Ala. 17 ; 54 Ala. 494 : 30 Ala. 110 ; 13 Ala. 837.

4. Tyree was not a *bona fide* holder of the note.—See 2 Ala. 512, and cases *supra*.

5. The 7th charge makes the jury the judges of the law, and is calculated to mislead.

BRICKELL, C. J.—The promissory note on which suit is founded having been given in renewal of a note given for the debt of Smith, Lyon & Co., of which partnership the defendants Smith and Murphy were not members, the burthen of proving their assent to the making of the note by Lyon rested on the plaintiff.—*Mauldin v. Br. Bank of Mobile*, 2 Ala. 503. The assent may have been express, or it may be implied or inferred from circumstances. The mere silence, however, of Murphy, upon being informed of the existence of the note after it was made, was not contractual, had in it no element of estoppel, and of itself was not evidence that he had assented to the making of the note.—2 Whart. Eq. § 1152.

2. Any instruction requested to be given a jury based

[Tyree v. Lyon, Murphy & Co.]

entirely or partly on a state of facts of which there does not appear to have been evidence, is abstract, has a tendency to mislead, and is properly refused.—1 Brick. Dig. 338, § 41. For this reason, the third instruction requested was properly refused; if it is conceded that it asserted a correct proposition. The bill of exceptions purports to set out all the evidence, and there is a want of any fact tending to show that Murphy ratified the unauthorized act of Lyon in making the note.

3. The fourth and fifth instructions were properly refused. It is quite an error to suppose that one who knowingly takes the negotiable paper of a partnership for the debt of one of the partners, is a *bona fide* purchaser or holder. On the contrary, he is a *particeps doli*, and cannot enforce the paper against the injured partners, whatever rights could be acquired by an innocent indorsee, taking the paper on a valuable consideration before maturity, in the usual course of trade.—*Mauldin v. Br. Bank Mobile*, 2 Ala. 512.

4. The memorandum of the note on the books of the partnership, could not have had any greater effect than to inform Murphy the note had been made, and his mere silence subsequently could not render him liable.—2 Whart. Eq. § 1152.

5. There was no conflict in the evidence—no controversy about the fact that the consideration of the note, was not the debt of the partnership, but the individual debt of Lyon, as the surviving partner of the former firm of Smith, Lyon & Co. It was fully shown that the subsequent firm had not assumed or agreed to assume the debts of the former firm ; and there was a total want of evidence tending to show that Smith and Murphy had assented to the making of the note, or with knowledge of the facts had ratified Lyon's unauthorized act in making it. In this state of facts, on request of the defendants, the court could properly give a general charge that the verdict ought to be for the defendants. Such a charge can on request be given when there is no conflict in the evidence.—1 Brick. Dig. 335, § 3. The seventh charge requested by the appellant was properly refused, and the general charge was properly given.

Affirmed.