Commercial State Bank of Donaldsonville, Georgia, brought this action against Southern Distilleries, a partnership, and against the partners of Southern Distilleries for money due on several promissory notes executed by Southern Distilleries. One of the partners, Julius Moseley, appeals from a judgment against him for $303,241.52.
On September 17, 1980, five individuals formed a partnership named Southern Distilleries in order to engage in the business of producing fuel grade alcohol (gasahol). The partners signed an agreement providing that any three partners having an aggregate interest in the partnership of at least 60% were authorized to borrow money and execute promissory notes on behalf of the partnership. The agreement also provided that any persons dealing with any three partners could "conclusively presume that any instrument executed by such partners is . . . binding on the partnership and the partners thereof."
On December 19, 1980, three partners, Adams, Fitch and Moulthrop, executed two promissory notes on behalf of Southern Distilleries to Commercial State Bank. Both notes came due on March 19, 1981. One note was given in exchange for a loan in the amount of $98,784.00. The other note was given in exchange for a line of credit in the amount of $60,000.00. An advance in the amount of $41,400.00 was made by the bank to Southern Distilleries on the second note prior to the date of maturity. Southern Distilleries failed to satisfy either note when they came due.
On April 2, 1981, an amended partnership agreement was executed by the five original partners and by three other individuals, including the appellant, Moseley. The purpose of the amendment was to "change the percentage interests of the partners and to admit new partners." The document indicates that Moseley contributed $100,000.00 to the capital account of the partnership and acquired a "profit and loss interest in the partnership" slightly in excess of 6%. The amended agreement provides that the provisions of the prior agreement were to remain in full force and effect.
On July 21, 1981, Southern Distilleries paid the interest due on the outstanding notes and Adams, Fitch, and Moulthrop *Page 969 
executed a new note on behalf of Southern Distilleries to the bank in the amount of $140,000.00. The bank marked the notes dated December 19 "paid" and returned them to Southern Distilleries.
Southern Distilleries failed to satisfy the July 21 note when it matured and the bank brought this action to enforce payment. In support of his contention that the trial court improperly granted the bank's motion for a summary judgment, Moseley argues:
 (1) that the note is void because it was entered into in Alabama by a foreign corporation which failed to qualify to do business in Alabama;
 (2) that the action on the note cannot be brought in the courts of Alabama by the bank because it has failed to qualify to do business here; and
 (3) that Moseley is not personally liable for the debt because it pre-existed his becoming a partner in Southern Distilleries.
Under Alabama law, a foreign corporation must obtain a certificate of authority from the Secretary of State, authorizing it to do business in Alabama. Alabama Const. § 232. Section 10-2A-247 (a), Code of Alabama, provides that if a foreign corporation transacts business in Alabama and enters into contracts in Alabama without first obtaining a certificate of authority to transact business here the contract will be held void at the action of the foreign corporation to enforce the contract or at the action of a party claiming through the foreign corporation.
Commercial State Bank is a foreign corporation which has not qualified to do business in Alabama. One of its officers prepared the note in question and took it to Houston County, where it was signed. Based on those facts, Moseley argues that the contract is void and that the bank should not have been permitted to bring an action based on the contract in Alabama. See Birmingham Term. Assoc. v. United Produce ProductsEquipment Co., 289 Ala. 80, 265 So.2d 863, 865 (1972); CalvertIron Works, Inc. v. Algernon Blair, Inc., 284 Ala. 655, 657,227 So.2d 424 (1969).
We decline to reach the merits of the question whether Commercial was illegally doing business in Alabama, because the issue was not properly presented. Affirmative defenses, such as illegality, must be affirmatively pleaded. A.R.Civ.P. 8 (c). Any matter which does not controvert the plaintiff's prima facie case should be pleaded, and it is not placed in issue by merely denying the plaintiff's allegations. 2A J. Moore,Moore's Federal Practice ¶ 8.27[3] (2d ed. 1984). Capacity to sue is not part of the plaintiff's prima facie case, and when a defendant wishes to make an issue of the plaintiff's capacity to bring an action, he must do so by "specific negative averment." A.R.Civ.P. 9 (a). The allegation that Commercial was doing business illegally in Alabama was not made until Moseley's motion for a new trial. Failure to raise an affirmative defense prior to a judgment generally constitutes a waiver. It was within the trial court's discretion to refuse to allow the judgment to be set aside in order to allow the defense to be presented. Robinson v. Morse, 352 So.2d 1355
(Ala. 1977).
Clearly, Adams, Fitch, and Moulthrop bound the partners of Southern Distilleries by executing a note on its behalf to the bank. Execution of an instrument in the partnership's name for the purpose of carrying on the usual business of the partnership binds the partners, unless the partner executing the instrument has no authority to act and the person with whom he is dealing has knowledge that he has no authority to act. Section 10-8-49, Code of Alabama. A person admitted as a partner into an existing partnership is liable for partnership obligations arising before his admission into the partnership. His liability for pre-existing obligations can be satisfied only out of partnership property, however. Section 10-8-56, Code of Alabama.
The bank's judgment is against Moseley personally. The dispositive issue of this case, therefore, is whether the obligation sued on arose before Moseley's admission into the partnership. In support of *Page 970 
Moseley's contention that the debt pre-existed his admission into the partnership, Moseley argues that the new note was merely a renewal of a pre-existing obligation. Moseley relies primarily on Tyree v. Lyon, Murphy Co., 67 Ala. 1 (1880). In that case the plaintiff lent $5,000.00 to the firm of Smith, Lyon Co. A promissory note was executed on behalf of the firm by its two partners, William Smith and Lyon. Smith died and Lyon formed a new company with Murphy and H. Smith under the name Lyon, Smith Co. When the note came due, Lyon renewed it in the name of Lyon, Smith Co., without the knowledge or consent of either Murphy or H. Smith. The court concluded that Lyon was not authorized to act on behalf of Murphy and H. Smith in executing the note and, therefore, that it was a debt of Lyon personally, not a debt of the subsequent partnership.67 Ala. at 5.
It is questionable whether the same result would obtain ifTyree were decided under the law now in effect in Alabama. Under § 10-8-49, the apparent authority of a partner is sufficient to bind the firm's general partners unless the third person has knowledge that the partner has no such authority. Furthermore, the authority of Adams, Fitch, and Moulthrop to act on behalf of the partnership and to bind the partners is not at issue here. The partnership agreement, to which Moseley became a party by the amendment he signed, expressly granted the three partners who signed the note the authority to bind the firm and its members. We do not consider Tyree to be controlling, therefore.
There is no dispute in this case as to the material facts. Moseley entered into a general partnership agreement with other individuals doing business under the name Southern Distilleries. The partners who executed the note sued on were expressly authorized to bind the other partners. Although the defendant chooses to categorize the debt created by the note sued on as the renewal of a pre-existing debt, it is clear that the obligation created by the old note terminated when the bank accepted the new note. Prior to the execution of the new note the bank could have brought an action to collect the debt. After it accepted the new note and satisfied the old one, there was no obligation which was due and payable to the bank until the new note matured. In agreeing to the forebearance of its rights to collect the money owed it by Southern Distilleries, the bank relied on the representations of the partnership agreement that the partners, including Moseley, would be bound by the new note. Since the contract sued on was entered into by a partnership which included Moseley, and since there was valid consideration for the contract sued on, the plaintiff is entitled to enforce the contract against the defendant. FirstNational Bank of Winfield v. Perfected Curing Storage Co.,280 S.W. 737 (Tex.Civ.App. 1936).
We understand that Moseley had no knowledge of the day-to-day operations of the partnership and that he did not find out about the note until the bank brought this action. While Moseley apparently considered his interest in the firm to be that of merely an investor (he categorizes his $100,000.00 contribution to the firm's capital account as a "loan"), he signed an agreement granting him all the rights of a general partner in the firm and authorizing the other partners to obligate him as a general partner, which they did. This is not a case where fraud or overreaching was alleged. The partnership agreement was not an adhesion contract entered into by parties with unequal bargaining strength. The parties are competent business men dealing at arm's length, who presumably have ample access to counsel. If Moseley had wished to limit his exposure to liability he should have taken steps to do so when he chose to become involved in the enterprise.
The judgment of the trial court is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur. *Page 971