This is a contract action in which the plaintiff, William Keeton, appeals from a summary judgment in favor of the defendant, First National Bank of Tuskaloosa (the Bank). We affirm.
Keeton and Robert Stewart entered into a partnership for the purpose of building a house. According to Keeton, the house was to be built on Lot 9, Chestnut Hills Estates, in Tuscaloosa. To finance the project, Keeton and Stewart executed two promissory notes and a construction loan to the Bank. One note, originally executed on October 13, 1983, and renewed on June 4, 1984, in the amount of $10,000, was secured by a mortgage on Lot 9. The other note, executed on May 21, 1984, in the amount of $58,000, was secured by a mortgage on Lot 49, in the Oak Hill subdivision of Tuscaloosa. Both notes were signed by Keeton and Stewart and initialled by Thomas Hester, a vice president of the Bank. Keeton and Stewart also executed a construction loan agreement for $24,000 on October 13, 1983, which contained a stipulation permitting the Bank, in its discretion, to advance the loan proceeds "from time to time as in the opinion of the Bank funds are needed by Borrower" to construct a residential building. Although it is not expressly so stated in the loan agreement, the construction loan appears to have been made in conjunction with the October 13th $10,000 note and thus to have been secured by the mortgage on Lot 9. Hester, Keeton, and Stewart signed the agreement.
On October 14, 1983, Stewart, on behalf of the partnership, entered into a written agreement with the Bank in which he opened a deposit and checking account under the name "RS K" Development Co. The agreement authorized Stewart, Keeton, and Robert Robinette to withdraw funds from the account. The agreement required two signatures for withdrawal but did not specify any one person who had to sign as one of the authorized drawers. On October 31, 1983, Stewart opened a second checking and deposit account, also authorizing Stewart, Keeton, and Robinette to withdraw funds. The written agreement evidencing this account, however, did not require two signatures. The proceeds of the loans — at least those that were advanced — were intended to be deposited into these two partnership accounts. In 1984, the Bank informed Keeton that the partnership account was overdrawn and that $34,000 of credit advanced from the loans had been depleted.
On January 8, 1986, Keeton brought a breach of contract action against the Bank in Tuscaloosa County Circuit Court. In his complaint, Keeton alleged that the Bank breached the two checking and deposit account agreements by 1) allowing the name of Robert Robinette to be added to the account agreements as an authorized drawer, 2) honoring checks drawn on the partnership account without his signature, and 3) approving the expenditure of loan funds specifically allocated for the development of Lot 9 for the construction of a house on a separate lot, Lot 49, in the Oak Hill subdivision.
The Bank moved for summary judgment, offering the deposition testimony of Keeton and Hester, Hester's affidavit, and the *Page 965 
checking and deposit agreements in support of its position that Keeton's claim presented no genuine issues of material fact and that it was entitled to a judgment as a matter of law. Among other things, Keeton testified in his deposition that Stewart sent him the deposit agreement, along with a signature card, to be signed and that he signed the agreement and then returned it to Stewart.
Keeton countered with an affidavit in opposition to the Bank's motion for summary judgment. Keeton stated that he specifically instructed the Bank not to honor any check without his signature. He further stated that the Bank listed Robinette's name on the agreements as an authorized drawer without his knowledge or authorization. The trial court granted the Bank's motion for summary judgment, and Keeton appeals.
Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P. All reasonable doubts concerning the existence of a genuine issue of fact must be resolved against the moving party. Autrey v. Blue Cross BlueShield of Alabama, 481 So.2d 345 (Ala. 1985); Fountain v.Phillips, 404 So.2d 614 (Ala. 1981).
The Bank produced two executed checking and deposit account agreements. The unambiguous language of these two agreements authorized Stewart, Robinette, and Keeton to withdraw funds from the partnership accounts. Absent from the agreements was any language making Keeton's signature necessary for a proper withdrawal. The Bank, by introducing these agreements, showed,prima facie, that it was entitled to a judgment as a matter of law. In opposing the Bank's motion for summary judgment, Keeton had the burden of setting forth admissible facts showing that there was a genuine issue for trial. Rule 56(e), Ala.R.Civ.P. However, the only evidence Keeton offered was extrinsic evidence barred by the parol evidence rule. Keeton asserts that he had entered into an agreement with the Bank that prohibited the withdrawal of funds from the partnership account without his authorization. Keeton's extrinsic evidence contradicts the unambiguous language of the written deposit agreements, which explicitly named Robinette, Stewart, and Keeton as authorized drawers and which did not contain any language making Keeton's signature mandatory for a proper withdrawal. Under the parol evidence rule, Keeton's extrinsic evidence is inadmissible. The rule prohibits the contradiction of a written agreement, intended to be a complete contract regarding the subject covered by that contract, by extrinsic evidence of prior or contemporaneous agreements. Shepherd Realty Co. v. Winn-DixieMontgomery, Inc., 418 So.2d 871 (Ala. 1982).
Moreover, we note that Stewart bound the partnership when he entered into the checking and deposit agreements with the Bank. The undisputed facts from the record show that Stewart and Keeton were partners and that Stewart executed the agreements on behalf of the partnership. Execution of an instrument in the partnership's name for the purpose of carrying on the usual business of the partnership binds the partners, unless the partner executing the instrument has no authority to act and the person with whom he is dealing has knowledge that he has no authority to act. Section 10-8-49, Code of Alabama (1975);Moseley v. Commercial State Bank, 457 So.2d 967 (Ala. 1984). Keeton failed to offer admissible evidence indicating Stewart's absence of authority to bind the partnership in the way he did. The "agreement" that Keeton alleges to have made with the Bank, which he argues apprised the Bank of Stewart's inability unilaterally to authorize himself or Robinette to withdraw funds without Keeton's signature, was extrinsic evidence barred by the parol evidence rule.
We further conclude that the Bank is not liable for the allegedly improper disbursement of funds for the construction of a house on Lot 49. Keeton maintains that the Bank breached the deposit account agreements by allowing the expenditure of the construction loan proceeds on the wrong lot. However, Keeton concedes that *Page 966 
the loan proceeds were deposited into the deposit account before disbursement. Keeton failed to adduce any evidence tending to show that the Bank allowed someone other than the authorized drawers — Stewart, Robinette, or Keeton — to withdraw the funds allegedly earmarked for the construction of a house on Lot 9. As we have previously stated, Keeton's alleged prior or contemporaneous "agreement" with the Bank is inadmissible parol evidence and cannot be used to contradict the deposit agreements.
For the foregoing reasons, the Bank's summary judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.