The plaintiff, Julius A. Moseley, appeals from a summary judgment in favor of the defendants, Lewis and Brackin, an Alabama partnership, and C.R. Lewis. Moseley, in his brief, contends that the defendants, as attorneys representing him, failed to exercise the proper standard of care in their representation and that their actions and/or omissions constituted legal malpractice that proximately caused him injury.
Moseley's cause of action arose out of Lewis and Brackin's representation of him in a civil suit brought by Commercial State Bank of Donaldsonville, Georgia, against the firm of Southern Distilleries, of which Moseley was a partner. The court entered summary judgment for Commercial State Bank based on Southern Distilleries' default on a promissory note. Moseley's liability was found to be $303,241.56. SeeMoseley v. Commercial State Bank, 457 So.2d 967 (Ala. 1984). Appealing that decision, Moseley argued:
 " (1) that the note [was] void because it was entered into in Alabama by a foreign corporation which failed to qualify to do business in Alabama;
 " (2) that the action on the note cannot be brought in the courts of Alabama by the bank because it has failed to qualify to do business here; and
 " (3) that Moseley [was] not personally liable for the debt because it pre-existed his becoming a partner in Southern Distilleries."
457 So.2d at 969.
This Court held that Commercial State Bank was a foreign corporation not qualified to do business in Alabama but declined to address the issue of whether it was illegally doing business in Alabama, because that question was not properly before the Court. This Court stated:
 "We decline to reach the merits of the question whether Commercial was illegally doing business in Alabama, because *Page 514 
the issue was not properly presented. Affirmative defenses, such as illegality, must be affirmatively pleaded. . . . Any matter which does not controvert the plaintiff's prima facie case should be pleaded, and it is not placed in issue by merely denying the plaintiff's allegations. . . . Capacity to sue is not part of the plaintiff's prima facie case, and when a defendant wishes to make an issue of the plaintiff's capacity to bring an action, he must do so by 'specific negative averment.' "
Moseley v. Commercial State Bank, supra, at 969. (Citations omitted.)
The Court then stated that "[a] person admitted as a partner into an existing partnership is liable for partnership obligations arising before his admission into the partnership. His liability for pre-existing obligations can be satisfied only out of partnership property, however." (Citations omitted.) Moseley v. Commercial State Bank, supra, at 969. This Court, however, held that the note at issue was not a renewal of a pre-existing debt but a satisfaction of the old debt and the creation of a new one.
 "[T]he bank relied on the representations of the partnership agreement that the partners, including Moseley, would be bound by the new note. Since the contract sued on was entered into by a partnership which included Moseley, and since there was valid consideration for the contract sued on, the plaintiff is entitled to enforce the contract against the defendant."
Moseley v. Commercial State Bank, supra, at 970. (Citation omitted.)
Subsequently, Moseley sued the law firm of Lewis and Brackin, an Alabama partnership, and C.R. Lewis, individually, alleging legal malpractice in their representation of Moseley in the Commercial State Bank lawsuit. Specifically, Moseley contends that:
 1. There exist genuine issues of material fact that render inappropriate the summary judgment entered in favor of defendants;
 A. Defendants failed to timely prepare, plead, and present Moseley's viable defenses.
 B. Defendants failed to timely investigate and present the defense of renewal of the note sued upon.
 C. Defendants failed to exercise a reasonable standard of care in their representation of Moseley.
 D. Defendants, with full knowledge that Moseley was induced by false representations to enter into the Southern Distilleries partnership agreement, took no action to extricate Moseley from the partnership, resulting in Moseley's being held personally liable for partnership obligations.
 2. Moseley is entitled to judgment as a matter of law.
We point out the following principles governing summary judgments:
 " 'Summary judgment is properly granted when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. . . . "If there is a scintilla of evidence supporting the position of the party against whom the motion for summary judgment is made, so that at trial he would be entitled to go to the jury, a summary judgment may not be granted."
. . .
 " 'On appeal from a summary judgment, this court must look to the same factors considered by the trial court in its ruling on the motion.' "
Smith v. Citicorp Person-to-Person Financial Centers, Inc.,477 So.2d 308, 309 (Ala. 1985), quoting Jehle-Slauson Const. Co. v.Hood-Rich, Architects Consulting Engineers, 435 So.2d 716,718 (Ala. 1983).
 "Rule 56, Ala.R.Civ.P., sets forth the two-part standard for granting summary judgment. The rule requires the trial court to determine: (1) that there is no genuine issue of material fact and, (2) that the moving party is entitled to judgment as a matter of law. This rule must be read in conjunction with the scintilla rule so that summary judgment will not be granted if there is a scintilla of evidence supporting the position of the opposing party." *Page 515 
Whitehead v. Johnston, 467 So.2d 240, 243 (Ala. 1985). (Citation omitted.)
In order to ascertain whether summary judgment was properly granted, we must examine the elements of a legal malpractice action. What a plaintiff must prove, basically, is no different from what must be proved in any other negligence suit. "To recover, the [plaintiff] must prove a duty, a breach of the duty, that the breach was the proximate cause of the injury, and damages." Herston v. Whitesell, 348 So.2d 1054, 1057 (Ala. 1977). (Citations omitted.) "A claim for malpractice requires a showing that in the absence of the alleged negligence the outcome of the case would have been different." Hall v. Thomas,456 So.2d 67, 68 (Ala. 1984). (Citations omitted.)
While this Court has held previously that Commercial State Bank was a foreign corporation not registered to do business in the State of Alabama, we refused to address the issue of whether Commercial State Bank was illegally doing business in this State. "A foreign corporation cannot enforce a contract which is to be performed in Alabama if the foreign corporation has failed to qualify to do business in Alabama on or before the date the contract is made." Sanjay, Inc. v. DuncanConstruction Co., 445 So.2d 876, 879 (Ala. 1983). (Citations omitted.) On this point, whether Commercial State Bank, a foreign corporation, was illegally doing business within the State of Alabama, "[i]t has long been settled in Alabama that the question of whether a foreign corporation is doing business within the state is a mixed question of law and fact."Swicegood v. Century Factors, Inc., 280 Ala. 37, 39,189 So.2d 776 (1966). The only evidence presented as to whether Commercial State Bank was doing business within the State of Alabama is the fact that the contract was signed here. Without more, we cannot hold that the bank was doing business within the state.
We pretermit any discussion of Moseley's additional contentions except to say that, in regard to the allegation that Lewis and Brackin failed to adequately advise Moseley on the liabilities of entering into the partnership agreement, Lewis and Brackin presented evidence via affidavit establishing that they met their standard of care. Moseley failed to submit any expert testimony to the contrary. Accordingly, summary judgment was appropriate as to this count of Moseley's complaint.
Therefore, having previously found that Commercial State Bank was a foreign corporation not registered to do business in the State of Alabama, we now hold that not a scintilla of evidence exists to show that Commercial State Bank was illegally doing business in this state. We must conclude that the plaintiff, in response to the defendants' motion for summary judgment, failed to show that a genuine issue of material fact exists as to whether any negligence was committed by Lewis and Brackin and C.R. Lewis individually in the first suit; if there is no evidence that negligence occurred, it is quite unnecessary to consider whether, had it not occurred, the result of the suit between Moseley and Commercial State Bank would have been different. Thus, the defendants' summary judgment was properly granted.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.