The plaintiff, Thomas Jimmie Lightfoot, appeals from a summary judgment entered in favor of the defendant, Thomas D. McDonald, in a legal malpractice suit. Lightfoot's claim stems out of McDonald's representation of Lightfoot in a 1984 criminal prosecution for rape.
The facts leading up to this appeal are as follows: In 1983, in Madison County, Alabama, Lightfoot was indicted for rape in the first degree. A trial ensued, in which the State provided physical evidence of Lightfoot's hair, semen, and clothing fibers found on the victim's body. There was testimony placing Lightfoot at the scene of the rape, and he was identified by the victim in a line-up, and that identification was corroborated by another witness. Based on this evidence, Lightfoot was convicted by a Madison County jury of rape in the first degree. On February 3, 1984, Lightfoot appealed his conviction to the Alabama Court of Criminal Appeals. That court affirmed the judgment of the trial court, without issuing an opinion. On November 30, 1984, this Court denied Lightfoot's petition for certiorari, without issuing an opinion. *Page 937 
On October 31, 1989, Lightfoot sued McDonald in this legal malpractice action, alleging that McDonald had failed to act with ordinary skill, prudence, and diligence in representing him during his 1984 rape trial. More specifically, Lightfoot contends that McDonald breached his duty when he failed to order an independent forensic analysis of the physical evidence offered by the State against him. Lightfoot also asserts that McDonald was negligent in failing to have performed on him a deoxyribonucleic acid (DNA) test, which Lightfoot contends would have produced conclusive proof of his innocence. In addition, Lightfoot raises two other issues: He contends that in the present action he should have been allowed to complete his process of discovery prior to the trial court's ruling on the defendant's summary judgment motion, and he argues that the trial court abused its discretion in denying his request that he be allowed to attend the proceedings in this civil case.
 I
Initially, we point out that a summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P. Once the moving party has made a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the nonmovant to provide "substantial evidence" in support of his position. Ala. Code 1975, § 12-21-12; Rule 56, A.R.Civ.P.; Hanners v. BalfourGuthrie, Inc., 564 So.2d 412 (Ala. 1990); Bass v. SouthTrustBank of Baldwin County, 538 So.2d 794 (Ala. 1989). The trial court is required to view all of the evidence offered by the moving party in support of its motion in the light most favorable to the nonmovant. Hanners, supra, and Bass, supra. With this standard in mind, we now address the merits of Lightfoot's contentions.
We have stated before that in a legal malpractice case a plaintiff must prove, basically, the same that must be proven in an ordinary negligence suit. Moseley v. Lewis Brackin,533 So.2d 513 (Ala. 1988); Tyree v. Hendrix, 480 So.2d 1176
(Ala. 1985). Thus, the elements Lightfoot must prove to succeed on his claim of legal malpractice are a duty, a breach of that duty, an injury, and that the breach was the proximate cause of the injury. Moseley v. Lewis Brackin, supra; Tyree v.Hendrix, supra; and Herston v. Whitesell, 348 So.2d 1054
(Ala. 1977). In a legal malpractice case concerning a plaintiffs criminal conviction, the plaintiff must show that but for the defendant's negligence he would have been acquitted, id., or must offer proof that at least the outcome of the case would have been different. Hall v. Thomas, 456 So.2d 67 (Ala. 1984).
Lightfoot's legal malpractice claim rests on McDonald's statement to Lightfoot that an examination of the State's physical evidence by an independent forensic expert would not aid his defense, because of the State's evidence against him. Lightfoot claims that McDonald fraudulently misrepresented the ineffectiveness of the independent analysis and cites a 1989Huntsville Times newspaper article about a case in which charges were dismissed against a man accused of rape because of a negative DNA comparison. Lightfoot relies solely on the newspaper article as support of his claim and does not offer any evidence regarding an independent analysis of the State's physical evidence.
We find no merit to Lightfoot's claim that McDonald was negligent in not ordering DNA testing prior to Lightfoot's 1984 trial. Our research reveals that the process of DNA testing wasfirst used in a criminal trial for the charge of rape in 1985, in England. See Thompson, DNA's Troubled Debut, 8 Cal.Law., June 1988 at 36, 40. See, also, Kennedy v. State, 545 So.2d 214
(Ala.Cr.App. 1989). We decline to declare McDonald negligent by failing to request or obtain a test that had never been used as evidence in a criminal trial anywhere in the world, must less in the United States, at the time of Lightfoot's 1984 trial. DNA testing is a recent scientific development, and it is doubtful that any licensed attorney in the United States was familiar with the process in 1984. *Page 938 
Thus, Lightfoot has failed to provide substantial evidence to support his claim of legal malpractice.
 II
Lightfoot next contends that the trial court erred in entering a summary judgment in favor of McDonald before he had the opportunity to complete discovery. More specifically, Lightfoot alleges that the "rape kit," which contains certain physical evidence introduced at the 1984 rape trial, was crucial to his legal malpractice claim and that the trial court prematurely ruled on McDonald's summary judgment motion before he could obtain the rape kit evidence. We disagree with Lightfoot's contention.
"The mere pendency of discovery does not bar summary judgment." Reeves v. Porter, 521 So.2d 963, 965 (Ala. 1988). The burden of showing that certain items of evidence are crucial to a case is upon the nonmoving party, in this case Lightfoot. Id.
See Rule 56(f), A.R.Civ.P. Lightfoot filed an affidavit pursuant to Rule 56(f) and stated that the rape kit contained evidence crucial to his case. However, Lightfoot's affidavit does not demonstrate that the rape kit contains crucial evidence or any evidence that would support his claim against McDonald. Thus, Lightfoot failed to prove that the matter sought by discovery was, or could have been, crucial to his case. Based on the evidence before us we find no error by the trial court regarding this issue.
 III
Finally, Lightfoot claims that the trial court abused its discretion in denying his request to be present during the trial proceedings on his legal malpractice claim. We disagree.
Initially, we point out that there was no trial in this case; thus, Lightfoot has not been prejudiced in any way by the denial of the request to be present. Moreover, this Court has previously stated that prisoners do not have a right to attend proceedings in civil actions initiated by them that are unrelated to their confinement. Hubbard v. Montgomery,372 So.2d 315 (Ala. 1979); Whitehead v. Baranco Color Labs, Inc.,353 So.2d 793 (Ala. 1977). Lightfoot's contention is without merit.
Therefore, the judgment of the trial court is due to be, it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.