This appeal presents two procedural issues and one substantive issue. The procedural issues: 1) whether the trial court erred in striking the plaintiffs' amendment to their complaint on the ground that the amendment was untimely filed, and 2) whether the appeal is due to be dismissed on the ground that the notice of appeal was untimely filed. The substantive issue: whether the trial court erred in granting the defendant's motion to strike the plaintiffs' amended complaint, thereby dismissing the plaintiffs' action against the defendant.[1]
Ernest Morrison and Keats Morrison hired the defendant, Keith Franklin, an Alabama lawyer, to represent them in a lawsuit against their former employers. The lawsuit was transferred to a federal district court in Texas, without objection from the plaintiffs. The Morrisons, as plaintiffs in this malpractice action, claim that once the case began to proceed in Texas, Franklin failed in every way to properly represent them and that, as a result, they suffered damage.
On January 28, 1994, the Morrisons filed this legal malpractice action against Franklin, who accepted service of the summons and complaint on February 1, 1994.
On March 3, 1994, the defendant filed a Rule 12(b)(6), Ala.R.Civ.P., motion to dismiss.
On March 9, 1994, the trial court granted the motion and made the following entry: "Granted for lack of allegations of proximately caused damage. 21 days to amend."
On March 21, 1994, the plaintiffs, acting pro se, moved to vacate the trial court's March 9 order of dismissal, stating that their original complaint did contain an allegation of proximately caused damage. They quoted the following portion of the original complaint as proof of that statement:
 "(29) Each and all of the above and foregoing acts and omissions constituted negligence, gross negligence, professional negligence, breach of warranty and breach of contract, and each was a proximate cause of actual damages to Plaintiffs."
On March 30, 1994, the parties were notified that the trial court had set a hearing on the plaintiffs' motion to vacate. The hearing was held on April 15, 1994, attended by the plaintiffs and by counsel for the defendant.
The case action summary sheet reflects the following action taken on April 15, 1994, following the hearing: "Plaintiffs' motion to vacate order of dismissal is GRANTED, solely on ground of lack of notice. Court proceeds to hear motion to dismiss, with plaintiffs present and properly notified of motion. Motion to dismiss is GRANTED. Plaintiffs have 21 days to amend."
Immediately following that April 15 order, the plaintiffs petitioned this Court for a writ of mandamus, which this Court denied on May 23, 1994.
On June 7, 1994, the plaintiffs amended their complaint to read as follows with respect to their allegations of damage:
 "I. Plaintiffs' case [in Texas] was dismissed as a proximate consequence of the Defendant's professional negligence.
 "J. Plaintiffs were caused to suffer physical and emotional pain as a consequence of the Defendant's negligence."
On June 16, 1994, the defendant moved to strike the plaintiffs' amended complaint, based solely on the ground that the amended complaint had been filed more than 42 days after the date of the trial court's order allowing the plaintiffs 21 days to file an amended complaint. The defendant stated in his motion that the trial court "no longer has jurisdiction to allow the filing of an amended complaint."
On June 23, 1994, the trial court granted the defendant's motion to strike the amended *Page 966 
complaint, thus effectively dismissing the plaintiffs' action against the defendant, the original complaint having been dismissed on April 15, 1994. On July 27, 1994, the plaintiffs appealed from the final judgment, i.e., the trial court's order of June 23, 1994.
The first procedural issue (whether the amendment filed on June 7 violated the April 15, 1994, "21 days to amend" order) is resolved in favor of the plaintiffs, because, under the doctrine of equitable tolling, the time consumed in the appellate review (the petition for writ of mandamus) is not chargeable against the time allowed to amend. The plaintiffs' promptness in filing the amendment following this Court's denial of their mandamus petition invokes the application of equitable principles to avoid an otherwise unjust result. As analogy, see Roden v. Wright, 611 So.2d 333 (Ala. 1992); Exparte Youngblood, 413 So.2d 1146 (Ala. 1981); and Jones v. LeeCounty Commission, 394 So.2d 928 (Ala. 1981). See, also, Comment, Ala. Code 1975, § 8-6-19.
The second procedural issue (the timeliness of the notice of appeal) is resolved against the defendant, because the July 27, 1994, appeal from the final judgment of June 23, 1994, entitles the appellants, for purposes of appellate review, to raise issues based on any previous adverse rulings. Rule 3(c), Ala.R.Civ.P.; see Gollotte v. Peterbilt of Mobile, Inc.,582 So.2d 459 (Ala. 1991). Thus, the defendant's motion to strike the notice of appeal is denied.
The issue on the merits (the propriety of the trial court's dismissal of the plaintiffs' claim for the lack of an allegation of proximately caused damages) requires closer scrutiny. In an ordinary claim based on negligence, the allegations of the plaintiffs' original complaint would meet the "notice pleading" requirements of the Alabama Rules of Civil Procedure, but the question remains whether these allegations are sufficient to meet the requirement of a "proximate cause" allegation in a complaint alleging legal malpractice.
In answering this question, we first observe that, if the trial court's judgment of dismissal is correct for any reason, we must affirm, even if the trial court gave the wrong reason or if it gave no reason at all. We can only speculate as to the trial court's reason for the dismissal — and our speculation suggests one possibility.
Because a claimant in a legal malpractice action must prove that, except for the alleged malpractice, he or she would have prevailed in the underlying action, the trial court may have tested the plaintiffs' allegations by the strict standard by which it would test the proof of the elements of their claim. Testing the allegations by that standard, the trial court could have concluded that the plaintiffs' statement of their claim, absent a specific allegation that, but for the lawyer's malpractice, they would have prevailed in the first action, failed to allege this requisite element of proximate causation.
We further observe that the plaintiffs' allegations specify in detail each of the defendant's acts and omissions they claim constituted malpractice. Thus, we restate the question: Does the "dual burden" test require that the pleading of proximate cause contain the magical phrase "but for the defendant's malpractice, the plaintiffs would have prevailed in the underlying cause" or words to that effect? We think not.
We hold that the allegations of malpractice, coupled with the general allegation of proximate cause, implicitly place upon the plaintiffs the dual burden of proving, subject to appropriate jury instructions, the underlying claimand the instant malpractice claim, and are sufficient to state the plaintiffs' malpractice claim.
In so holding, we do not overrule this Court's holding inMylar v. Wilkinson, 435 So.2d 1237 (Ala. 1983). Rather, we modify Mylar's holding by drawing a distinction between the requisite allegations of the pleadings and the requisite proof of those allegations, where the allegations are tested in a "motion to dismiss" context, and where the allegations in the malpractice complaint are sufficient, if proved, to make out aprima facie case of legal malpractice. This distinction accommodates the "notice pleading" concept, and, at the same time, does not lessen the plaintiffs' dual burden of proving both *Page 967 
the underlying claim and the instant malpractice claim. For cases dealing exclusively with the requisite burden of proof in legal malpractice cases, see Herring v. Parkman, 631 So.2d 996
(Ala. 1994); Pickard v. Turner, 592 So.2d 1016 (Ala. 1992);Lightfoot v. McDonald, 587 So.2d 936 (Ala. 1991); and Hall v.Thomas, 456 So.2d 67 (Ala. 1984).
Moreover, it is worthy of note that the defendant's brief does not address this "notice pleading" issue, but relies exclusively on the "timeliness" of the plaintiffs' June 7, 1994, amendment and their July 27, 1994, notice of appeal.
The judgment appealed from is reversed and the cause is remanded.
This opinion was prepared by retired Justice RICHARD L. JONES, sitting as a Justice of this Court pursuant to §12-18-10(e), Ala. Code 1975.
MOTION TO STRIKE NOTICE OF APPEAL DENIED; REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON and INGRAM, JJ., concur.
[1] Although we have characterized the third issue as "substantive," we note that this issue, strictly speaking, is also procedural in nature, in that it involves the application of notice pleading under the Alabama Rules of Civil Procedure. Yet, this issue is substantive in the sense that it relates to the merits of the appeal.