CRAWLEY, Judge.
In April 1994, Johnny Childers filed a complaint against Billy C. Jewell, alleging that Jewell had committed legal malpractice in his representation of Childers. Childers requested $150,000 compensatory damages for emotional distress, mental anguish, and the loss to his reputation for being sentenced to life in prison. Jewell filed a motion for summary judgment, which the trial court granted. After the trial court denied Childers’s post-judgment motion, he appealed to the Supreme Court, which transferred the case to this court pursuant to Ala.Code 1975, § 12-2-7.
Childers argues that the trial court erred in entering Jewell’s summary judgment.
A motion for summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), A.R.Civ.P. Moreover, the supreme court has written:
“In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the nonmoving party must present ‘substantial evidence’ creating a genuine issue of material fact — ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ”
Capital Alliance Insurance Co. v. Thorough-Clean, Inc., 639 So.2d 1349, 1350 (Ala.1994) (citations omitted).
The record reveals that Childers was convicted in Jefferson County of third degree burglary and first degree theft. Jewell was appointed to represent Childers on Childers’s *233 appeal to the Court of Criminal Appeals. On behalf of Childers, Jewell filed a notice of appeal, which the Court of Criminal Appeals dismissed as untimely. The appeal was subsequently reinstated. Childers fired Jewell and hired another attorney for the appeal. The Court of Criminal Appeals affirmed Childers’s conviction. Childers then filed the present action against Jewell.
Our Supreme Court has stated that “a claimant in a legal malpractice action must prove that, except for the alleged malpractice, he or she would have prevailed in the underlying action.” Morrison v. Franklin, 655 So.2d 964, 966 (Ala.1995). Jewell did fail to timely file Childers’s appeal in the Court of Criminal Appeals. Childers argues that Jewell’s failure to timely file the appeal is legal malpractice; however, Childers fails to prove that “except for the [untimely appeal], he ... would have prevailed in the underlying action.” Id. at 966. The appeal was reinstated, and the Court of Criminal Appeals addressed the merits of the appeal and affirmed Childers’s conviction. Any harm Childers suffered from the untimely appeal was remedied by the reinstatement of the appeal. Therefore, the trial court properly granted Jewell’s motion for summary judgment, and the summary judgment is due to be affirmed.
AFFIRMED.
THIGPEN, YATES, and MONROE, JJ., concur.
ROBERTSON, P.J., concurs in the result.