218 So.2d 143

SOUTHERN GUARDIAN LIFE INSURANCE COMPANY

v.

W. Adrian FREEMAN.

3 Div. 307.

Supreme Court of Alabama.
Jan. 16, 1969.

S. P. Keith, Jr., Birmingham, for appellant.

Bishop N. Barron, Montgomery, for appellee.

HARWOOD, Justice.

In the present suit the complaint as amended contained three counts.

All counts claimed $45,570.59, and are common counts.

Count I was for money due on 1 July 1964.

Count II was for work and labor done during the months of January, February, March, April, and May 1964.

Count III was for account stated on 9 September 1964.

The defendant, appellant here, appearing specially, filed a certified plea in abatement, which plea as amended asserted that the defendant had never at any time done business in Montgomery County, nor has it maintained an office in Montgomery County, nor has it ever had an agent in said County.

The plea further asserted that the only courts having jurisdiction of the subject matter were the Circuit Court in Mobile County, or in Jefferson County.

Issue was joined on the plea in abatement, and at the hearing on this issue the following evidence was produced.

For the defendant, Mrs. C. Jones testified that she had been Treasurer of the defendant, Southern Guardian Life Insurance Company, since it was organized. The defendant company does not now have, and has never had, an agent or an office for the conduct of its business in Montgomery County. She is attached to the home office in Mobile.

Mrs. Jones further testified that Southern Guardian might possibly have some policies in effect in Montgomery County at the time of the trial by virtue of having re-issued or assumed the policies of Hometrust Life Insurance Company in a court proceedings had in Montgomery.

Mrs. Jones was shown a policy issued by Hometrust Life Insurance Company to John Francis Gorman, together with an Assumption Certificate and a letter from Southern Guardian Life Insurance Company.

The Assumption Certificate, addressed to Gorman in Montgomery, Alabama, certifies that the Southern Guardian Life Insurance Company of Mobile, Alabama, has assumed all liability under his Hometrust policy in accordance with the terms thereof as of 1 October 1963. This certificate bears the legend, "This certificate becomes a part of your policy and should be attached thereto."

The letter, signed by Walter R. Matthews, President of Southern Guardian, is as follows:

"Dear Policyholder:

"It is a real pleasure to welcome you to the family of Southern Guardian Life Insurance Company policyholders.

"Your insurance policy with Hometrust Life Insurance Company, Montgomery, Alabama, has been reinsured by us.

"Your policy remains the same. Every benefit and obligation in your contract will be honored by Southern Guardian, a full capital legal reserve life insurance company licensed by the Alabama Department of Insurance.

"Enclosed is your 'Assumption Certificate.' This is important * * * attach it to your policy.

"You will henceforth receive your premium notices from Southern Guardian in Mobile. Also, you are invited to write for any information or questions you may have. Your letters will receive prompt replies.

"We are grateful for this opportunity to serve you."

Mr. Morris Burkett, Receiver of the Hometrust Life Insurance Company and a witness for the plaintiff, testified as to the proceedings in the Circuit Court in Montgomery, at which the Insurance Commissioner of the State of Alabama was present:

"Well, in any event, the company officials testified or their representative testified over there and evidently convinced the Court because the Court did rule and did order that $100,000.00 worth of bonds belonging to Home Trust Life would be transferred over to Southern Guardian in consideration of Southern Guardian's assuming the policies or taking over the policies and such cash as was left and office equipment and furniture and fixtures that belonged to the company, and, in particular, the filing cabinets that were in the Davis Building."

Mr. Burkett further testified that at the time of transfer there were policies of Hometrust in effect in Montgomery County.

Mr. John F. Gorman, a witness for the plaintiff, testified that he had a policy of life insurance covering the life of his wife issued by Hometrust in 1957.

After receipt of the Assumption Certificate, he mailed one premium to Southern Guardian in Mobile. This premium was returned by Southern Guardian because the policy had been paid up.

On one occasion he did see in Montgomery, George Sweeny, formerly an agent for Hometrust, and who later worked for Southern Guardian, in Mobile. At the time Mr. Sweeny's office was in Mobile. Mr. Gorman did not testify as to any activity of Sweeny in Montgomery at the time he saw him which in anywise indicated that Sweeny was conducting any business for Southern Guardian in Montgomery County.

At the conclusion of the hearing, the court entered an order overruling the plea in abatement.

The defendant then entered a plea of the general issue and the cause was tried on the merits.

At the conclusion of the trial on the merits, the court entered a judgment in favor of the plaintiff and fixed his damages at $10,000.

At the outset of this review, we are first confronted with the court's ruling over-

ruling the defendant's plea in abatement, which point has been appropriately assigned as error and argued.

Section 60, Title 7, Code of Alabama 1940, in parts pertinent to this review, provides:

"A foreign corporation may be sued in any county in which it does business by agent, *and a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose*; * * *" (Emphasis ours.)

The burden of proof on the plea raising the question of venue was upon Southern Guardian. Johnson Publishing Co. v. Davis, 271 Ala. 474, 124 So.2d 441, and cases cited therein.

The testimony of Mrs. Jones, defendant's treasurer, tended to establish prima facie that the defendant never had an agent in Montgomery County, and had never done business in Montgomery County.

Upon careful reading and analysis of the evidence presented by the plaintiff in connection with the hearing on the plea in abatement, such evidence fails to disclose any facts tending to overcome the evidence presented by the defendant in support of the plea.

True, the defendant participated in the court proceedings in Montgomery County in 1963 by which the defendant assumed the policies of Hometrust. The prosecution or defense of an action in the courts of a certain county is not doing business within that county. Sullivan v. Sullivan Timber Co., 103 Ala. 371, 15 So. 941, 25 L.R.A. 543.

Nor does the fact that a letter was written by the President of Southern Guardian to former policy holders of Hometrust informing such policy holders that Southern Guardian had reinsured the Hometrust policies, and forwarding an "Assumption Certificate" to that effect, and instructing such policy holders that henceforth premium notices would be received from Southern Guardian in Mobile, constitute doing business by agent in Montgomery County, even though some of the former policy owners of Hometrust may have resided in Montgomery County.

While Mr. Gorman, a witness for the plaintiff, testified he once observed Mr. Sweeny in Montgomery, and that Sweeny had formerly worked for Hometrust, and afterwards for Southern Guardian with an office in Mobile, such testimony possesses no probative value tending to show that Sweeny was acting as agent, or doing any business for Southern Guardian in Montgomery County.

All of the above evidence necessitates the conclusion that the plaintiff presented no evidence tending to overcome the evidence presented by the defendant prima facie establishing its plea in abatement. The lower court's action in overruling the defendant's plea in abatement was therefore palpably erroneous. For this reason, the judgment entered by the lower court must be reversed, and remanded to the lower court for such further proceedings as may be appropriate.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.