This is a petition for writ of mandamus ordering the trial court to set aside an order granting a change of venue. Petitioner, plaintiff below, contends that the record shows that at least one of the defendant corporations was doing business, at the time the cause of action arose, in the county where the action was brought and thus that venue was proper in that county.
Flora Jane Nelson, the plaintiff, operates the W.J. Nelson Company, a sole proprietorship in Fairhope, Baldwin County, Alabama, formerly operated by her late husband. The business buys grain and soybeans from local farmers and transports them to Mobile to the warehouses of defendants Lapeyrouse Grain Corporation and Lapeyrouse Grain Corporation of Alabama.[1]
Lapeyrouse resells the grain and soybeans and sends the proceeds to Nelson. Nelson maintains an account with Lapeyrouse, which Lapeyrouse credits for sales of Nelson grain and debits for advances and payments to Nelson.
The case from which this petition arises involves a number of items entered on the Nelson account. The principal dispute concerns the failure of Lapeyrouse to sell nearly 50,000 bushels of soybeans on November 5, 1980, when Mr. Nelson allegedly instructed Lapeyrouse to sell. Instead of a *Page 340 
$465,262.66 credit for a sale at that day's market price, Lapeyrouse's books show a continuing storage fee and other charges.
Mrs. Nelson filed this action on January 26, 1983, in the Circuit Court of Baldwin County. Lapeyrouse filed a motion to transfer the action to Mobile County on the grounds that neither corporation was doing business by agent in Baldwin County "at any time relevant to the complaint." The court, after a hearing on the motion, entered an order finding that venue was improper in Baldwin County and transferred the cause to Mobile County. Mrs. Nelson brought this petition for writ of mandamus.
The parties agree that venue of this action is governed by Code 1975, § 6-3-7, which reads in pertinent part:
 "A foreign corporation may be sued in any county in which it does business by agent, and a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose. . . ."
Both defendants are domestic corporations, and the dispute is whether they were doing business by agent in Baldwin County at the time the cause of action arose.
Lapeyrouse's offices and storage facilities are in Mobile, except for one silo in Loxley, a community in Baldwin County. Lapeyrouse stopped using this silo in the fall of 1978 or thereafter, but continues to own and maintain it. Mrs. Nelson's complaint alleges that the first item in the account that is in dispute is dated April 14, 1978, in the amount of $36,000. She denies that she owes this amount, while Lapeyrouse contends that she does. Mrs. Nelson argues that because agents of Lapeyrouse were operating the silo in Baldwin County at the time this disputed entry was made, Lapeyrouse was doing business by agent in Baldwin County at the time the cause of action arose and thus that venue was proper in that county.
Lapeyrouse argues that the depositions and the evidence taken at the hearing clearly show that Nelson owes the $36,000. This entry arises from a personal loan from Nelson to Ann Greenfield, vice president of Lapeyrouse. She repaid the loan with a Lapeyrouse check, and Lapeyrouse contends that Nelson's account was properly debited for this amount. Mrs. Greenfield's deposition, however, indicates that it was common practice for Lapeyrouse officers to informally borrow money from the company by drawing checks, and that Mr. Nelson had reason to know this when he accepted the Lapeyrouse check in payment for the personal loan to Mrs. Greenfield. Nelson thus has at least some claim that Mrs. Greenfield, not Nelson, owes this $36,000 to Lapeyrouse, and that the entry was incorrectly made on Nelson's account in 1978.
The burden of proving that venue is improper in the county in which a suit is brought is upon the party making such a claim.Ingram v. Omelet Shoppe, Inc., 388 So.2d 190 (Ala. 1980);Medical Service Administration v. Dickerson, 362 So.2d 906
(Ala. 1978); Johnson Publishing Co. v. Davis, 271 Ala. 474,124 So.2d 441 (1960). When a party petitions for writ of mandamus to set aside an order transferring venue, this Court is to ascertain whether the trial court abused its discretion or exercised it in an arbitrary and capricious manner. Ex parteWilson, 408 So.2d 94 (Ala. 1981). Under the facts and circumstances of this case, the trial court erred in granting the motion to transfer.
The writ of mandamus is therefore due to be granted, and the trial court is hereby ordered to vacate the order transferring the cause to the Circuit Court of Mobile County and to restore the case to the docket in the Circuit Court of Baldwin County.
WRIT GRANTED.
All the Justices concur.
[1] We shall refer to the two corporations simply as "Lapeyrouse," because if venue is proper as to either, it is proper as to both. Ingram v. Omelet Shoppe, Inc., 388 So.2d 190
(Ala. 1980); Ex parte Maness, 386 So.2d 429 (Ala. 1980). *Page 341