KENNEDY, Justice.
The Property Owners Association of Ono Island, Inc. (hereinafter the “POA”), petitions this Court for a writ of mandamus to compel the trial judge, Hon. Robert G. Kendall, to vacate his order denying a change of venue from Mobile County to Baldwin County. The underlying action is one for a judgment declaring the respective rights of the parties. Lakeside Limited (“Lakeside”) sued POA and Lawyers Title Insurance Corporation (“Lawyers Title”), in Mobile County, seeking a determination of rights to property located on Ono Island, which is in Baldwin County. The issues to be resolved in this action are whether Lawyers Title is a “material defendant” and, if not, whether the case should be transferred to Baldwin County.
On July 20, 1988, Ono Development Corporation conveyed 250 acres of undeveloped land on Ono Island to Lakeside. Lakeside claimed that this conveyance also included an easement over the only bridge accessing the island and over the private roads located on the island. Lawyers Title issued a title insurance policy to Lakeside insuring the validity and existence of the easements conveyed from Ono Development to Lakeside. According to Lakeside, Ono Development also conveyed an easement to POA granting POA control of the sole bridge giving access to Ono Island. Lakeside claimed that on July 24, 1991, POA adopted a resolution, to become effective September 15, 1991, whereby POA could severely restrict access to Ono Island. This restricted form of access, Lakeside argued, would inhibit access to the island by prospective purchasers and others.
Lakeside filed a declaratory judgment action against POA and Lawyers Title. Lakeside requested that the trial court declare that its easement to the island’s bridge and roads is superior to the easement to POA and that POA cannot restrict access to the island. Lakeside also asserts that should POA have the right to restrict access to the island in such a way as to infringe on the property rights claimed by Lakeside, then Lawyers Title is liable on its title insurance policy.
POA moved to transfer the case from Mobile County to Baldwin County, alleging that POA is located in Baldwin County and does no business in Mobile County. POA asserted in the motion that Lawyers Title, upon whose presence venue was predicated in Mobile County, was not a material defendant for purposes of determining venue. Therefore, POA argued that the case should be transferred to Baldwin County. After oral argument and briefs, the trial judge denied the motion.
POA argues that Lawyers Title is not a material defendant because, POA argues, its interest in the result of the lawsuit against POA is not adverse to that of Lakeside. POA argues that if Lakeside prevails in its suit for an injunction against POA, then Lawyers Title can have no liability. Therefore, POA argues that Lawyers Title is not a material defendant for the purposes of determining venue.
Lakeside argues that Lawyers Title is a material defendant pursuant to Rule 82(c), A.R.Civ.P. Lakeside argues that POA failed to carry its burden of showing that the inclusion of Lawyers Title in the suit was a “sham” and that Lakeside was attempting to fraudulently establish venue. Lakeside also argues that its claim against Lawyers Title is not contingent but rather is an alternative claim whereby one of the two defendants could be liable but not both.
We note that Lawyers Title takes no position in regard to the petition here.
We have defined “material defendant” as “one whose position is antago *204 nistic to that of the plaintiffs because relief is sought against him.” Isbell v. Smith, 558 So.2d 877, 880 (Ala.1989) cert. denied, — U.S. -, 111 S.Ct. 68, 112 L.Ed.2d 42 (1990) (quoting Ex parte Shelby County, 516 So.2d 525, 527 (Ala.1987)) (other citations omitted).
Rule 82(c), A.R.Civ.P., provides:
“Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought. Whenever an action has been commenced in a proper county, additional claims and parties may be joined, pursuant to Rules 13, 14, 22 and 24, as ancillary thereto, without regard to whether that county would be a proper venue for an independent action on such claims or against such parties.”
Venue is determined at the time the suit is filed. Elmore County Comm ’n v. Ragona, 540 So.2d 720 (Ala.1989). The burden of proving improper venue is on the party raising the issue. Isbell v. Smith, 558 So.2d 877.
A writ of mandamus is a drastic and extraordinary writ that will not be issued in the absence of a clear legal right in the petitioner to the order sought, an imperative duty to perform, refusal to perform that duty, lack of another adequate remedy, and properly invoked jurisdiction of the court. Ex parte Ben-Acadia, Ltd., 566 So.2d 486 (Ala.1990). “The scope of our review of a venue determination by a writ of mandamus is to ‘determine whether [the] judgment or discretion of the lower court has been abused and exercised in an arbitrary and capricious manner.’ ” Ex parte Jim Skinner Ford, Inc., 435 So.2d 1235, 1236 (Ala.1983) (quoting Ex parte Wilson, 408 So.2d 94, 96 (Ala.1981)).
Certainly, Lawyers Title is a material defendant. Its position is antagonistic to that of Lakeside. Lakeside’s position is that it obtained certain covenants and that Lawyers Title insured that the covenants were valid. Lakeside asserts that either POA is liable for violating the covenants or Lawyers Title is liable for insuring that the covenants were valid. Therefore, each party’s position is antagonistic to that of the other.
Based on the foregoing, we find no abuse of discretion in the trial court’s denial of the motion to transfer.
WRIT DENIED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.