STEAGALL, Justice.
William C. Pritchett, Sr., sued South-Trust Bank of Tuscaloosa County, N.A. (“SouthTrust Tuscaloosa”) in the Montgomery Circuit Court, alleging fraud, conversion, abuse of process, wanton/willful conduct, and malicious prosecution. The claims arose from SouthTrust Tuscaloosa’s attempt to recover upon a note executed by Pritchett’s son and cosigned by Pritchett. SouthTrust Tuscaloosa filed a motion to transfer the case to the Tuscaloosa Circuit Court, and this motion was denied. South-Trust Tuscaloosa then petitioned this Court for a writ of mandamus directing the trial court to vacate its order denying the transfer and to enter an order transferring the case.
The burden of proving improper venue is on the party raising the issue and, on review of an order denying a transfer, a writ of mandamus will not be issued unless there is a clear showing of error on the part of the trial court. Ex parte Jones, 582 So.2d 456 (Ala.1991).
Because SouthTrust Tuscaloosa is a domestic corporation, the venue statute to be applied here is that portion of Ala.Code 1975, § 6-3-7, relating to domestic corporations. It provides:
“[A] domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; provided, that all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiff’s residence.”
Pritchett alleges fraud and bad faith, which are “personal injury” claims for the purpose of determining proper venue. Ex parte TranSouth Financial Corp,, 608 So.2d 385 (Ala.1992). See, also, Ex parte First Alabama Bank of Montgomery, N.A., 461 So.2d 1315 (Ala.1984). We must first determine, therefore, whether the alleged “injury” to Pritchett occurred in Montgomery County.
*1358 The record reveals these facts: In April 1989, Pritchett’s son financed the purchase of a BMW automobile through SouthTrust Tuscaloosa. The son resided in Tuscaloosa County and was a student at the University of Alabama, located in Tuscaloosa County. The son bought the car from a Tuscaloosa dealership, which brought a “Conditional Sales Contract and Note” to Montgomery, in Montgomery County, for Pritchett to eosign. The dealership assigned the note to SouthTrust Tuscaloosa. Following a number of defaults on the loan, Pritchett asked SouthTrust Tuscaloosa to send an agent to Montgomery to repossess the car, and the bank complied. SouthTrust Tuscaloosa thereafter informed Pritchett that it had sold the car for $500 and had applied the proceeds to the balance of the loan; however, the bank claimed a deficiency of $4,513.89 and sued Pritchett and his son in the Tuscaloosa Circuit Court to collect this debt. The trial court entered a default judgment against both Pritchett and the son, and SouthTrust Tuscaloosa thereafter filed a garnishment with Pritchett’s employer. Pritchett moved to set aside the default judgment, alleging improper service; the court set aside the judgment as to Pritchett, but not as to the son. South-Trust Tuscaloosa then released the garnishment, and Pritchett subsequently filed this action in Montgomery County.
As the basis for his fraud claim, Pritch-ett alleges that SouthTrust Tuscaloosa received more than $500 from the resale of the BMW automobile but applied only $500 to the loan balance and thus obtained a judgment for an amount greater than it was due. He also alleges that SouthTrust Tuscaloosa committed a fraud upon the Tuscaloosa Circuit Court during the collection proceeding by falsely stating (1) that service had been perfected on Pritchett, (2) that Pritchett was a resident of Tuscaloosa County, and (3) that he owed a balance of $4,513.89. All of these allegations, however, relate to things that occurred in Tuscaloosa County. Pritchett also claims that the garnishment, which was filed in Montgomery County, was fraudulent because, he says, it was based on misrepresentations by SouthTrust Tuscaloosa concerning the resale value of the car. The representations and the collection proceeding that resulted in the garnishment originated in Tuscaloosa County.
SouthTrust Tuscaloosa’s alleged misrepresentations to Pritchett about the actual resale value of the BMW were made through telephone calls and through mail sent from Tuscaloosa; however, Pritchett points out that he received these communications in Montgomery, and he concludes that the “injuries” thus “occurred” in Montgomery County. In Age-Herald Publishing Co. v. Huddleston, 207 Ala. 40, 92 So. 193 (1922), a libel action, this Court established that the term “injury” for purposes of § 6-3-7 refers to the wrongful act or omission of the corporate defendant, not to the resulting damage to the plaintiff, and thus determined that venue for such an injury is proper where a wrongful act was committed, not where the damage resulted. We note that the Court deviated from its Age-Herald rule in the later case of Kenney v. Gurley, 208 Ala. 623, 95 So. 34 (1923). There, this Court held that where libelous matters are passed through the mail from one individual to another, the “injury” takes place where the matter is received. Unlike the holding in Age-Herald, however, the Kenney holding did not hinge upon § 6-3-7; rather, it was based upon a libel action between individuals, and its fact-specific rationale is inapposite here.
Because SouthTrust Tuscaloosa made the alleged misrepresentations in Tuscaloosa County, Pritchett’s alleged injuries did not “occur” in Montgomery County; accordingly, we must next determine whether SouthTrust Tuscaloosa “does business” in Montgomery County and is therefore subject to being sued there. A corporation “does business” in a county for purposes of § 6-3-7 if, with some regularity, it performs there some of the business functions for which it was created. Ex parte Real Estate Financing, Inc., 450 So.2d 461 (Ala.1984); Ex parte Southtrust Bank of Tuskegee, 469 So.2d 103 (Ala.1985).
In Ex parte Real Estate Financing, Inc., the corporate defendant, REF, moved *1359 for a change of venue from Lawrence County to Morgan County in an action brought by loan applicants alleging fraud and breach of contract with regard to REF’s handling of a loan application. When the venue motion was denied, REF sought a writ of mandamus to vacate the denial, arguing that it did not do business in Lawrence County for purposes of § 6-3-7. The plaintiffs argued that REF did indeed “do business” in Lawrence County, because Lawrence County lawyers close REF loans there. This Court rejected that argument, but nevertheless held that REF was subject to venue in Lawrence County for the following reasons:
“It is not the rendering of strictly legal services by REF’s closing attorneys that tips the scales in favor of the trial court’s denial of Petitioner’s motion to transfer; rather, it is the accumulation of REF’s multiple corporate activities that ultimately consummate REF’s single corporate purpose: the lending of money in Lawrence County, to Lawrence County residents, secured by mortgages on the borrowers’ Lawrence County property; and attended by the receipt of closing costs in Lawrence County, the recordation of the mortgages in Lawrence County, and the satisfaction of the mortgages of record in the event of payment or foreclosure in the event of nonpayment.”
Ex parte Real Estate Financing, Inc., 450 So.2d at 463 (emphasis original).
In Ex parte Southtrust Bank of Tuskegee, the plaintiffs sued SouthTrust Bank in Bullock County, alleging fraud and conversion arising from SouthTrust Bank’s renewal of a certificate of deposit and its failure to pay the proceeds of the certificate. SouthTrust Bank moved for a change of venue, alleging that it did not do business in Bullock County. The record showed that SouthTrust Bank had previously made loans to Bullock County debtors and that the financing statements from those loans were filed in the Bullock County courthouse. The record also showed that on occasion a SouthTrust Bank agent would travel to Bullock County to collect on a delinquent loan. Although South-Trust Bank had no corporate office or full-time employees in Bullock County and although the volume of business it conducted there was small when compared to the volume of business it did in the county where it was headquartered, this Court nonetheless determined that the aggregate of SouthTrust Bank’s corporate activities in Bullock County ultimately achieved South-Trust Bank’s primary purpose of making loans.
In Ex parte TranSouth Financial Corp., this Court again held that for purposes of determining venue, the performance of procedures ancillary to securing or collecting loans constitutes “doing business” in a county where such procedures are carried out, when the corporation’s primary purpose is the lending of money. In that case, the defendant TranSouth Financial Corporation sought to vacate the trial court’s order denying its petition to transfer the case from Crenshaw County to Pike County, arguing that the corporation did not “do business” in Crenshaw County. The record showed that TranSouth filed mortgages and foreclosure deeds at the Crenshaw County Courthouse with some regularity, to further its primary purpose of making loans. Observing the rationale of Ex parte Southtrust Bank ofTuskegee, this Court determined that this evidence was sufficient to show that TranSouth “did business” in Crenshaw County for venue purposes.
We find the holdings of those cases instructive here. In this case, the evidence shows that the only corporate activities SouthTrust Tuscaloosa has ever conducted in Montgomery County are its activities in regard to the loan to Pritchett’s son and a loan made in 1991 to a state legislator who represents a district that includes Tuscaloosa County and who has a residence in Montgomery County. SouthTrust Tuscaloosa points out that it made the loan to Pritchett’s son, a Tuscaloosa County resident, and that Pritchett himself was merely the cosigner. SouthTrust Tuscaloosa also filed an affidavit stating that it does not advertise or solicit loans in Montgomery County and does not send its employees to Montgomery County to collect delinquent *1360 loans. There is no evidence that South-Trust Tuscaloosa has filed in Montgomery County financing statements or other documents in regard to loans to Montgomery County residents.
Pritchett argues that SouthTrust Tuscaloosa sent a representative to Montgomery with the vehicle so that Pritchett could cosign for the loan; however, the record indicates that it was the automobile dealership, not SouthTrust Tuscaloosa, that brought the promissory note to Montgomery for Pritchett to cosign and that it did that before the note was assigned to South-Trust Tuscaloosa. Pritchett also argues that SouthTrust Tuscaloosa sent mail and made telephone calls to him in Montgomery County regarding the loan, that it instituted the garnishment action in Montgomery County, and that it instituted a negative credit report against him in Montgomery County. This argument, and the facts supporting it, indicate only that SouthTrust Tuscaloosa had contact with Montgomery County in regard to this one transaction. It does not show that it is SouthTrust Tuscaloosa’s corporate purpose to make loans in Montgomery County or to do business in Montgomery County with any regularity.
SouthTrust Tuscaloosa presented evidence that it made the loan to a Tuscaloosa resident whose cosigner happened to reside in Montgomery County and that, in relation to this loan, it had contacts with Montgomery County that it had not had in the past and that it has not made part of achieving its corporate goals. Pritchett produced no evidence to establish that the aggregate of SouthTrust Tuscaloosa’s activities in relation to this loan furthered a corporate purpose to make loans to Montgomery County residents; rather, it merely shows a pattern of activity designed to collect upon a loan made to a Tuscaloosa County resident.
Therefore, we hold that Pritchett’s alleged “injuries” did not occur in Montgomery County and that SouthTrust Tuscaloosa has not been shown to “do business” in Montgomery County for purposes of § 6-3-7. Therefore, the trial court erred in denying SouthTrust Tuscaloosa’s motion to transfer the case to Tuscaloosa County. The Montgomery Circuit Court is directed to set aside its denial of the transfer motion and to enter an order transferring the case to Tuscaloosa County.
WRIT GRANTED.
MADDOX, ADAMS, HOUSTON, KENNEDY and INGRAM, JJ., concur.