KENNEDY, Justice.
Swift Loan and Finance Company, Inc., d/b/a Muscogee Credit Company (hereinafter “Muscogee”), a defendant in an action filed in the Bullock Circuit Court, petitions for a writ of mandamus ordering Circuit Judge William Robertson to transfer the action from Bullock County to Russell County.
In 1993, Randy Youngblood purchased a 1983 Honda automobile from Phenix Drive-In Motors (hereinafter “Phenix”). Young-blood is a resident of Bullock County. Phe-nix is a sole proprietorship owned by Steven Shepard and operating in Russell County.
Muscogee financed the purchase. To secure its loan to Youngblood, Muscogee took a security interest in the Honda automobile and took a second lien on Youngblood’s 1988 Ford Mustang automobile and certain other items of personal property, including a television, a radio, and a lawn mower. Muscogee is a Georgia corporation with its principal place of business in Muscogee County, Georgia.
On October 5, 1994, Youngblood sued Phe-nix and Muscogee in Bullock County, alleging fraud. Phenix and Muscogee filed a timely motion to transfer the case, claiming that neither defendant resided in, or did any business in, Bullock County. Additionally, they argued that even if venue was proper in Bullock County, the case should be transferred based on the doctrine of forum non conveniens.
Following a hearing, the trial court denied the motion to transfer. In his order, the trial judge stated that he denied the motion *708 because he found that venue was proper in Bullock County and that the doctrine of forum non conveniens was inapplicable.
A petition for a writ of mandamus is the proper method for challenging rulings regarding venue. Ex parte City of Fayette, 611 So.2d 1032 (Ala.1992). On review of an order transferring or refusing to transfer an action, a writ of mandamus will not be issued unless there is a clear showing of error on the part of the trial court. Ex parte SouthTrust Bank of Tuscaloosa County, N.A., 619 So.2d 1356 (Ala.1993). The burden of proving error is on the party raising the issue of venue. Id.
The doctrine of forum non conveniens is applicable only where the action is commenced in a county in which venue is appropriate. Where several claims or parties have been joined, the action may be brought in any county in which any one of the claims could properly have been brought. Rule 82(c), A.R.Civ.P.
Venue in this case would be appropriate in Russell County, where the alleged fraud occurred. See § 6-3-2(3), Ala.Code 1975. However, venue is also proper in Bullock County, because Muscogee was “doing business” in that county. See § 6-3-7. Muscogee had recorded at least one real estate mortgage in Bullock County and it continues to transact business there concerning that mortgage. Accordingly, Muscogee has an interest in real property in Bullock County. Furthermore, Muscogee is in the business of making loans, and, as part of its corporate purpose to make loans, it obtained a security interest in real property located in Bullock County. Therefore, we must conclude that Muscogee was “doing business” in Bullock County, for the purposes of venue. Ex parte TranSouth Financial Corp., 608 So.2d 385 (Ala.1992).
We must now decide whether the trial court clearly erred in holding that the doctrine of forum non conveniens was inapplicable. The purpose of this doctrine is to prevent a waste of time, energy, and money and to protect the witnesses, the litigants, and the public against unnecessary expense and inconvenience. § 6-3-21.1.
The transferee forum must be significantly more convenient than the forum in which the action was brought, as chosen by the plaintiffs to justify a transfer. Ex parte Townsend, 589 So.2d 711 (Ala.1991).
The trial court held a hearing in order to determine whether Muscogee and Phenix’s inconvenience and expense of litigating in Bullock County—the venue selected by Youngblood—would be such that defending the action there would clearly outweigh Youngblood’s right to choose the forum. The trial court held that Muscogee and Phenix had failed to met their burden of proof.
We cannot say that the trial court clearly erred in denying the transfer. A writ of mandamus is an extraordinary remedy and will not be issued absent a clear showing of a right to relief. Muscogee and Phenix failed to prove that it would be “significantly more convenient” to litigate the action in Russell County rather than in Bullock County. Therefore, finding no error, we deny the writ.
WRIT DENIED.
SHORES, INGRAM, COOK, and BUTTS, JJ., concur.