743 So.2d 1071 (1999)
Ex parte Danny WIGINTON et al.
(Re Danny Wiginton et al. v. Belmont Homes et al.).
1971622.
Supreme Court of Alabama.
September 17, 1999.
*1072 G. Rick Hall and James Tassin of Almon, McAlister, Baccus & Hall, L.L.C., Tuscumbia, for petitioners.
Samuel H. Franklin, Sara Anne Ford, and Ivan B. Cooper of Lightfoot, Franklin & White, L.L.C., Birmingham, for respondents Belmont Homes, Inc. (Ala.); BHI, Inc., and Belmont Homes, Inc. (Miss.).
L. Tennent Lee III and Walter A. Dodgen of Burr & Forman, L.L.P., Huntsville; and Daniel B. Banks, Jr., of Morris, Cloud & Conchin, P.C., Huntsville, for respondents Mildred E. Kennedy, as executrix of the estate of Jerold Kennedy, deceased; and J.M. Page.

On Application for Rehearing
JOHNSTONE, Justice.
The opinion of May 7, 1999, is withdrawn and the following is substituted therefor.
The plaintiffs, Danny Wiginton, Ed Stevenson, and Gary Joyce, petition for a writ of mandamus directing the Honorable E. Dwight Fay, Jr., Judge of the Madison County Circuit Court, to vacate his order transferring their action from Madison County to Franklin County. We deny the petition.
In 1987, Wiginton, Stevenson, and Joyce incorporated Belmont Homes, Inc. (Belmont-Alabama) in Madison County, where they resided. In 1989, after various alleged misrepresentations were made to them by Jerold Kennedy, now deceased, the plaintiffs sold their shares in Belmont-Alabama to J.M. Page, Donald S. McNeil, and William R. Collins. These buyers, or their successors in interest, purported to dissolve the corporation in 1991. Kennedy spoke the misrepresentations, if at all, from locations in Mississippi.
In 1997, in the Madison County Circuit Court, Wiginton (then a part-time resident of Madison County) and Stevenson and Joyce (still full-time residents there) sued Page, a resident of Franklin County; Mildred E. Kennedy, a resident of Franklin County and executrix of the estate of Jerold Kennedy, deceased, by virtue of letters testamentary granted in Franklin County; Belmont-Alabama; two Mississippi corporations by similar namesBHI, Inc. (also dissolved before suit according to the defendants) and Belmont Homes, Inc. (Belmont-Mississippi); and various fictitious defendants. The complaint alleged breach of fiduciary duty, three counts of fraud, and civil conspiracy, all based on the alleged misrepresentations and suppressions relating to the corporate affairs of Belmont-Alabama. The plaintiffs sought compensatory damages, punitive damages, and equitable relief, including the impressment of a constructive trust.
Defendants Kennedy and Page moved to transfer the action from Madison County to Franklin County pursuant to Rule 82(d)(1), Ala. R. Civ. P., on the ground of improper venue or, in the alternative, to transfer the action to Franklin County pursuant to § 6-3-21.1, Ala.Code 1975, for the convenience of the parties and witnesses. Following the submission of materials and a hearing before Judge Fay, he granted Kennedy and Page's motion to transfer on both grounds alternatively that is, for improper venue in Madison County or, if not, then for the convenience of the parties and witnesses in Franklin County.
"A writ of mandamus is an extraordinary remedy that requires the showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court." Ex parte McNaughton, 728 So.2d 592, 594 (Ala.1998). A petition for a writ of mandamus is the proper means for challenging an order transferring an action to another county. Ex parte AU Hotel, Ltd., 677 So.2d 1160 (Ala.1996). The appellate courts will sustain the decision of the trial court if it is right for any reason, even one not presented by a party or *1073 considered or cited by the trial judge, Morrison v. Franklin, 655 So.2d 964 (Ala. 1995), even though the appellate courts will not reverse the trial court on an issue or contention not presented to the trial court for its consideration in making its ruling, Smith v. Equifax Services, Inc., 537 So.2d 463 (Ala.1988).
The defendants in this case are of three types: corporations, a natural person (or "individual"), and an executrix. Venue as to these three types of defendants is addressed by separate statutes. Page is an "individual." An action for fraud, which is the gravamen of all the plaintiffs' claims, is a "personal action" as well as a "personal injury action." Ex parte Graham, 634 So.2d 994 (Ala.1993), and Ex parte SouthTrust Bank of Tuscaloosa County, N.A., 619 So.2d 1356 (Ala. 1993). Therefore, the venue statute applicable to him is § 6-3-2, Ala.Code 1975, which provides, in pertinent part:
"(a) In proceedings of a legal nature against individuals:
". . . .
"(2) All actions on contracts, except as may be otherwise provided, must be commenced in the county in which the defendant or one of the defendants resides if such defendant has within the state a permanent residence.
"(3) All other personal actions, if the defendant or one of the defendants has within the state a permanent residence, may be commenced in the county of such residence or in the county in which the act or omission complained of may have been done or may have occurred.
"(b) In proceedings of an equitable nature against individuals:
". . . .
"(3) Except as may be otherwise provided, actions must be commenced in the county in which the defendant or a material defendant resides."
Mildred E. Kennedy is an executrix. The venue statute applicable to her is § 43-2-130, which provides, in pertinent part:
"Civil actions may be brought against executors or administrators in their representative character, in all cases, in the county in which letters were granted."
Under these statutes, venue as to Page and Kennedy is proper in Franklin County.
However, Rule 82(c), Ala. R. Civ. P., provides that "[w]here several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought." Accordingly, if venue for the claims against Belmont-Alabama, BHI, or Belmont-Mississippi is proper in Madison County, then venue for the claims against Kennedy and Page is also proper in Madison County under Rule 82(c).
BHI and Belmont-Mississippi were both incorporated in Mississippi. Belmont-Alabama was incorporated in Madison County. All three corporations had their respective principal places of business at the same manufacturing plant in Belmont, Mississippi. The venue statute, applicable to actions against foreign and domestic corporations[1] is § 6-3-7, which provides:
"A foreign corporation may be sued in any county in which it does business by agent, and a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; provided, that all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiffs residence."
As noted, fraud is called not only a "personal action" but also a "personal injury *1074 action" for purposes of determining proper venue. Ex parte SouthTrust Bank of Tuscaloosa County, N.A., supra. Ex parte SouthTrust Bank of Tuscaloosa, N.A. observes:
"In Age-Herald Publishing Co. v. Huddleston, 207 Ala. 40, 92 So. 193 ([1921]), a libel action, this Court established that the term `injury' for purposes of § 6-3-7 refers to the wrongful act or omission of the corporate defendant, not to the resulting damage to the plaintiff, and thus determined that venue for such an injury is proper where a wrongful act was committed, not where the damage resulted."
619 So.2d at 1358. (Emphasis added.) Age-Herald Publishing Co. explains the Latin derivations. "Injury" derives from injuria, meaning the wrongful act or omission. "Injury" does not mean damage, which derives from damnum. Thus, for examples of the usage, the common phrase damnum absque injuria means damage without wrongdoing, and the equally common phrase injuria sine damno means wrongdoing without damage. 207 Ala. at 44, 92 So. at 197. Accordingly, Ex parte SouthTrust Bank of Tuscaloosa, N.A., supra, holds that the "county where the injury occurred," as intended by § 6-3-7, is the county where the wrongdoing occurred. 619 So.2d at 1357-58. Likewise, in the case before us, because Jerold Kennedy, now deceased, allegedly made the misrepresentations from locations in Mississippi, the injuria, or "injury" contemplated by § 6-3-7, did not "occur" in Madison County, id., even though the plaintiffs claim their damages occurred there.
Therefore, the plaintiffs' only basis for venue in Madison County would be a factual finding that Belmont-Alabama, BHI, or Belmont-Mississippi did business in Madison County at the time the cause of action arose or at the time suit was filed. "A corporation `does business' in a county for purposes of § 6-3-7 if, with some regularity, it performs there some of the business functions for which it was created." Ex parte SouthTrust Bank of Tuscaloosa, N.A., 619 So.2d at 1358.
The parties presented conflicting evidence to Judge Fay on the issue whether Belmont-Alabama, BHI, or Belmont-Mississippi did business in Madison County at the time the alleged causes of action arose or at the time suit was filed. They also presented conflicting evidence on whether Belmont-Alabama was dissolved in 1991 or BHI was dissolved in 1995. In deciding whether venue is authorized by statute or rule in Madison County, Judge Fay states, "The Court is unable to determine as a matter of fact whether the corporations were doing business in Madison County at the time the cause of action arose. It does appear though that the corporation was and has been dissolved, thus establishing Franklin County as the proper place of venue." (Emphasis added.)
The burden of proof on factual issues in a venue dispute is upon the party or parties challenging venue in the forum. Ex parte Jim Walter Homes, Inc., 712 So.2d 733, 734 (Ala.1998); Ex parte SouthTrust Bank of Tuscaloosa, N.A., 619 So.2d at 1357 (Ala.1993); Ex parte Property Owners Ass'n of Ono Island, Inc., 597 So.2d 202, 204 (Ala.1992); Ex parte Jones, 582 So.2d 456, 457 (Ala.1991); Ex parte Finance America Corp., 507 So.2d 458, 460, 461 (majority) and 462 (dissent) (Ala. 1987); Ex parte Reliance Ins. Co., 484 So.2d 414, 416 (Ala.1986); Ex parte Nelson, 448 So.2d 339, 340 (Ala.1984); Ex parte Harrington Mfg. Co., 414 So.2d 74, 76 (Ala.1982); Southern Guardian Life Ins. Co. v. Freeman, 283 Ala. 429, 432, 218 So.2d 143, 145 (1969). The statement by the trial court that it "is unable to determine as a matter of fact whether the corporations were doing business in Madison County at the time the cause of action arose," cannot be interpreted as a finding that the defendants successfully carried their burden of proving that the corporations were not doing business in Madison County at the time the cause of action *1075 arose. See Ex parte Reliance Ins. Co., supra. Rather, this statement in the trial court order appears more like a finding that the defendants, the challenging parties, did not meet their burden of proof. Such a finding would not support the conclusion that Franklin County was established as the proper venue.
The trial court apparently sensed this problem, for the order continues as follows:
"Even if both Madison and Franklin Counties are proper places for venue, the trial court may still transfer the case, in the interest of justice, for the convenience of the litigants. Section 6-3-21.1 provides for the change or transfer of venue for the convenience of the parties and witnesses or in the interest of justice. This transfer is contemplated where more than one county is a proper venue, but one county is more convenient for the parties and witnesses. Transfers under this statute are within the trial court's discretion. Ex parte Canady, 563 So.2d 1024 (Ala.1990).
"The trial court may grant a motion to transfer venue on the ground that another venue is more convenient to the parties only when it is convinced that the right of the plaintiff to choose the forum is outweighed by the inconvenience to the parties. Ex parte Townsend, 589 So.2d 711 (Ala.1991). The transferee forum must be `significantly more convenient' than the forum in which the action is filed, as chosen by the plaintiffs, to justify transfer. Ex parte Townsend, 589 So.2d 711 (Ala. 1991). The burden of proving that venue is improper, or that venue should be transferred or changed because of the application of the doctrine of forum non conveniens is upon the party making such a claim. Ex parte Ford Motor Credit Co., 561 So.2d 244 (Ala.Civ.App. 1990).
"In the instant case, all individual defendants are residents of Franklin County; the manufacturing plant, the subject of the action, is located in Belmont, MS, in a Mississippi County contiguous to Franklin County; all records and documents of the corporations are located in Belmont, Mississippi; the primary witnesses all live in Franklin County; and one of the primary plaintiffs maintains a business and partly resides in Mississippi. It appears that the inconvenience and expense in defending the action in the plaintiffs' selected forum outweigh the plaintiffs' right to choose a forum; thus the case may properly be, and is hereby, transferred to Franklin County."
The trial judge's findings of fact need some examination and comment. He finds, first, that "all individual defendants are residents of Franklin County." The case involves only one individual defendantJ.M. Page. The defendant, Mildred Kennedy, who does likewise live in Franklin County, is sued in only her representative capacity rather than her individual capacity. Nonetheless, her convenience should be considered.
The next finding of the trial judge is that "the manufacturing plant, the subject of the action, is located in Belmont, MS, in a Mississippi County contiguous to Franklin County; [and] all records and documents of the corporations are located in Belmont, Mississippi." The purpose of the reference to the location of the manufacturing plant itself may be a finding that it will or may be a point of origin for the travel of some witnesses as well as the location of the records and documents. The reference serves no other purpose. In the mandamus petition materials before us, the plaintiffs assert, and the defendants do not deny, that the latter did not make any showing to the trial court regarding the existence, volume, or necessity of any documents from the plant in Mississippi. For aught that appears, the documents, if any, necessary for trial are so scant that their original location in Mississippi, or the location of the originals themselves in Mississippi, *1076 presents no convenience consideration, regardless of the venue of the trial. A party who claims that the location of documents is a consideration in a forum non conveniens dispute must make a showing on the factors such as volume, necessity, and inconvenience that would support such a claim. Wright, Miller & Cooper, Federal Practice and Procedure § 3853, at 435-39 (2d ed.1986).
The trial judge's order next finds that "the primary witnesses all live in Franklin County." In fact, the record is undisputed that only one nonparty witness, Mike Kennedy, lives in Franklin County; and the only parties who live there are the defendants J.M. Page and Mildred Kennedy. Two of the plaintiffs and their two nonparty witnesses live full-time in Madison County, where the plaintiffs originally filed the action. The third plaintiff, Wiginton, lives part-time in Madison County.
On the other hand, the mandamus petition materials do show that six more defense witnesses do live within 20 or 30 miles of the Franklin County seat, albeit across the county line in Mississippi. The mandamus petition materials further show that the defendants presented the existence and the residency of these witnesses for the trial judge's consideration on the forum non conveniens issue.
In their petition and briefs, the plaintiffs argue that the trial court should not have considered the convenience of the defense witnesses because the defendants made no showing to the trial court that these witnesses' testimony would be necessary or valuable for trial. The plaintiffs cite Wright, Miller and Cooper, as follows:
"The most important limitation on transfers to suit the convenience of witnesses is the showing that is required to justify such a transfer. The courts with one accord, have refused to let applications for transfer become `a battle of numbers.' The rule is that these applications are not determined solely upon the outcome of a contest between the parties as to which of them can present a longer list of possible witnesses located in the respective districts in which each party would like to try the case. The party seeking the transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover. The emphasis must be on this showing rather than on numbers. One key witness may outweigh a great number of less important witnesses. If a party has merely made a general allegation that witnesses will be necessary, without identifying them and indicating what their testimony will be the application for transfer will be denied."
Wright, Miller & Cooper, Federal Practice and Procedure, § 3851, at 424-28 (2d ed.1986). The defendants, however, assert, and the plaintiffs do not deny, but implicitly admit, that the latter did not present this argument to the trial court. While the plaintiffs did argue to the trial court that the defendants had the burden of proving their right to a transfer for the convenience of the parties and witnesses, this argument does not encompass the particular propositions of law requiring a showing on the general nature of the witnesses' testimony and invalidating a mere "battle of numbers"that is, a mere comparison of the respective numbers of witnesses and parties on the different sides of the case. Thus, this Court cannot consider this argument. Equifax Services, supra. Therefore, the trial judge cannot be faulted if he did consider a mere comparison between the number of nonparty witnesses and natural-person parties in or near the Franklin County seat on the defendants' side and the number of nonparty witnesses and natural-person parties in or near the Madison County seat on the plaintiffs' side. Such a comparison provides the defendants a distinct advantage on this forum non conveniens issue.
Finally, because the trial judge's ruling must be sustained if it is right for any reason, Morrison, supra, we will note an additional factor not recited in the trial *1077 judge's order but inescapably known to him in his consideration of the case. Immediately before the plaintiffs filed their civil action in the Circuit Court for Madison County, they filed a claim with the same gravamen against the estate of Jerold Kennedy in the Probate Court of Franklin County. Under some circumstances, the location of related judicial proceedings is a factor to be considered on the issue of forum non conveniens. Ex parte Pearson Management Co., 667 So.2d 48 (Ala.1995), and Ex parte New England Mut. Life Ins. Co., 663 So.2d 952 (Ala. 1995). The case before us could be an example of the utility of this factor if, for instance, the plaintiffs' claim against the estate of Jerold Kennedy in the Probate Court of Franklin County were to be removed or appealed to the Circuit Court for Franklin County under § 12-11-41 or § 43-2-354, Ala.Code 1975, where the Franklin County circuit judge could consolidate those proceedings with this civil action for some purposes.
The plaintiffs argue that the prominence of the Kennedy family and the importance of the defendant Belmont-Mississippi as an employer in Franklin County will prevent the plaintiffs from being able to get a fair jury there. The mandamus petition materials before us do not show that the plaintiffs proved this contention factually to the trial judge.
The trial judge's decision on the issue of the convenience of the parties and witnesses in the case before us depended on an assessment of competing factual considerations. The materials before us show enough evidence supporting the transfer of this civil action to Franklin County to prevent us from finding an abuse of discretion. Accordingly, the writ is denied.
APPLICATION FOR REHEARING GRANTED; OPINION OF MAY 7, 1999, WITHDRAWN; OPINION SUBSTITUTED; WRIT DENIED.
HOOPER, C.J., and MADDOX, HOUSTON, COOK, LYONS, and BROWN, JJ., concur.
SEE, J., concurs in the result and concurs in part in the rationale.
SEE, Justice (concurring in the result and concurring in part in the rationale).
I agree that the trial court properly transferred this civil action to Franklin County pursuant to Ala.Code 1975, § 6-3-21.1. Therefore, I concur in the result, the denial of the petition for the writ of mandamus.
NOTES
[1] Amendment No. 473, Alabama Constitution of 1901, changed Art. VII, § 232, Alabama Constitution of 1901, so as to treat foreign and domestic corporations alike for venue purposes.