[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 309 
Perfection Siding, Inc. ("Perfection"), and Dennis Hall and Russ Lewis (hereinafter collectively referred to as "the petitioners") petition for a writ of mandamus directing the Hale Circuit Court to transfer the underlying action to the Tuscaloosa Circuit Court and to dismiss one of the claims.[1] We deny the petitions.
 I. Facts and Procedural History
Chris Sealy filed a complaint in the Hale Circuit Court, seeking damages for injuries he sustained in a fall from the roof of a building in Tuscaloosa County. Sealy alleges that he sustained his injuries while he was an employee of Perfection, which, at the time of Sealy's fall, was performing subcontracting work for Bill Lunsford Construction, Inc. Sealy sued Perfection and Lunsford Construction, as well as Hall and Lewis (Sealy's supervisors at Perfection), seeking damages based on negligence and negligent hiring or contracting. Sealy also sought damages from the petitioners for intentionally failing to provide a safe workplace, and Sealy sought workers' compensation benefits from Perfection.
The defendants moved to transfer the case to Tuscaloosa County, either because venue in Hale County was improper or, in the alternative, because the doctrine of forum non conveniens
mandated a transfer to Tuscaloosa County. The trial court denied the motions; the petitioners now petition for a writ of mandamus ordering the trial judge to transfer the case and to dismiss the claim against Perfection alleging intentional failure to provide a safe workplace.
 II. Standard of Review
"`The question of proper venue for an action is determined at the commencement of the action.'" Ex parte Pike Fabrication,Inc., 859 So.2d 1089, 1091 (Ala. 2002) (quoting Ex partePratt, 815 So.2d 532, 534 (Ala. 2001)). If venue is improper at the outset, then upon motion of the defendant, the court must transfer the case to a court where venue is proper. Ex partePike Fabrication, 859 So.2d at 1091. If the defendant's motion is denied, then the defendant is entitled to seek review of this decision by petitioning for a writ of mandamus. Ex parte AlabamaGreat Southern R.R., 788 So.2d 886, 888 (Ala. 2000).
"Mandamus is a drastic and extraordinary writ, to be issued only where *Page 310 
there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995). This Court reviews mandamus petitions seeking review of a venue determination by asking whether the trial court exceeded its discretion in granting or denying the motion for a change of venue. Ex parte Scott Bridge Co., 834 So.2d 79, 81 (Ala. 2002). Also, in considering such a mandamus petition, this Court is limited to those facts that were before the trial court. Exparte Pike Fabrication, 859 So.2d at 1091.
 III. Analysis A. Venue
Section 6-3-7(a), Ala. Code 1975, provides the following rules concerning venue in an action against a corporation:
 "(a) All civil actions against corporations may be brought in any of the following counties:
 "(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of real property that is the subject of the action is situated; or
 "(2) In the county of the corporation's principal office in this state; or
 "(3) In the county in which the plaintiff resided, or if the plaintiff is an entity other than an individual, where the plaintiff had its principal office in this state, at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiff's residence; or
 "(4) If subdivisions (1), (2), or (3) do not apply, in any county in which the corporation was doing business at the time of the accrual of the cause of action."
The petitioners are all residents of Tuscaloosa County. Sealy is a resident of Hale County. It is undisputed that a substantial part of the events giving rise to the claim occurred in Tuscaloosa County, which is also where the principal office of Perfection is located. Therefore, Tuscaloosa County is a proper venue under both subsections (a)(1) and (2). Because Sealy resided in Hale County when the cause of action arose, venue would be proper in Hale County under § 6-3-7(a)(3) if Perfection "does business by agent" in Hale County.
A critical distinction exists between corporate defendantscurrently doing business in a county (the test applied by subsection (a)(3)) and those that formerly did business in the county (the test applied only when venue is proper in no other county). As this Court has said, "isolated transactions in thepast are inconclusive in determining venue." Ex parte PikeFabrication, 859 So.2d at 1093 (emphasis added). Here we are concerned only with whether Perfection can fairly be said to be conducting business currently in Hale County.
In addition, our holdings make clear that a corporation "does business" under the statute if, "`"with some regularity, it performs there some of the business functions for which it was created."'" Ex parte Pike Fabrication, 859 So.2d at 1093 (quoting Ex parte Wiginton, 743 So.2d 1071, 1074-75 (Ala. 1999), quoting in turn Ex parte SouthTrust Bank of Tuscaloosa,619 So.2d 1356, 1358 (Ala. 1993)). We have found pretransaction inquiries within a county to be an insufficient basis for placing venue there, Ex parte Pike Fabrication, 859 So.2d at 1093, because business inquiries are essentially an "exercise of corporate powers incidental to . . . *Page 311 
corporate business functions." Ex parte Scott Bridge Co., 834 So.2d at 81. However, regularly performing the work for which the company exists is the exercise of its business functions, and would therefore fall within the ambit of "doing business" within a county Id. at 82.
Of the approximately 1,000 jobs Perfection performs annually, only two or three were located in Hale County in the year Sealy sustained his injuries. However, the trial judge could have determined that Perfection was doing business in Hale County in the present, not the past, primarily because Perfection's work there was performed within the same calendar year as Sealy sustained his injuries. Whether Sealy was assigned to work those particular jobs, however, is not relevant for purposes of determining venue. What is relevant is that the petitioners were carrying out their essential business function — contract siding jobs — within Hale County.
Proper resolution of this case hinges on whether Perfection does business with any "regularity" sufficient to justify venue in Hale County. Perfection states that its only connection to Hale County is the performance of two or three jobs in that county in the year of Sealy's injuries, all for a long-time customer who is from Tuscaloosa County. The petitioners compare this case to Ex parte SouthTrust Bank, supra. In that case, SouthTrust lent money to the plaintiff's son, a college student in Tuscaloosa. The plaintiff was a resident of Montgomery who cosigned on his son's loan and subsequently sued SouthTrust in Montgomery. This Court issued a writ of mandamus ordering the case transferred to Tuscaloosa County, because the only connections SouthTrust had to Montgomery were its activities related to this loan and another loan made to a state legislator who represented Tuscaloosa but had a home in Montgomery. Exparte SouthTrust Bank, 619 So.2d at 1359.
Both Ex parte SouthTrust Bank and the present case concern customers located in one county whose business transactions cross county lines. Moreover, SouthTrust Bank involved an action by the very plaintiff providing much of the bank's connection to Montgomery County, yet this Court determined that that connection was still too tenuous to make venue proper in Montgomery County. However, in SouthTrust Bank, there was merely "contact" with Montgomery County, not physical presence or the performance of services within the county. 619 So.2d at 1359-60. We find it meaningful that Perfection actually performed services in Hale County.
Under our standard of review, we simply cannot hold that the trial court exceeded its discretion in denying the motion to transfer the case to Tuscaloosa County. Thus we deny the petition insofar as it requests us to order the trial court to transfer the case to Tuscaloosa County on the basis that venue in Hale County is improper. Because of our resolution of this issue, we need not discuss whether venue in Hale County is also proper as to Lunsford Construction.
However, this conclusion does not end our inquiry. The petitioners alternatively move for a change of venue to Tuscaloosa County based upon the doctrine of forum nonconveniens. Section 6-3-21.1(a), Ala. Code 1975, states, in pertinent part:
 "(a) With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly *Page 312 
filed and the case shall proceed as though originally filed therein."
When venue is appropriate in more than one county, the plaintiff's choice of venue is generally given great deference.Ex parte Bloodsaw, 648 So.2d 553, 555 (Ala. 1994). However, where the defendant presents evidence indicating that the chosen venue will be inconvenient for him, the trial court has the discretion to transfer the case to a more convenient forum. The purpose of the doctrine of forum non conveniens is to "prevent the waste of time, energy, and money and also to protect witnesses, litigants, and the public against unnecessary expense and inconvenience." Ex parte New England Mut. Life Ins. Co.,663 So.2d 952, 956 (Ala. 1995); Ex parte Townsend,589 So.2d 711, 714 (Ala. 1991). The burden of proof in seeking a transfer under this doctrine rests squarely on the shoulders of the defendant. Ex parte New England Mut. Life Ins. Co., 663 So.2d at 956. The defendant must show that his inconvenience and expense in defending the action in the selected forum outweigh the plaintiff's right to choose the forum; that is, the defendant must suggest transfer to a county that is "significantly more convenient" than the county in which the action was filed. Id.
While we certainly agree with Perfection that it is inconvenient to litigate in Hale County as opposed to Tuscaloosa County, we do not find Tuscaloosa County to be "significantly more convenient" than Hale County. Hale County and Tuscaloosa County adjoin one another, unlike the situation in Ex parte NewEngland Mutual, where the trial court transferred the action from Barbour County to Montgomery County. Moreover, Sealy is a resident of Hale County and claims that he intends to call as witnesses Hale County residents who are former employees of Perfection.[2] Perfection's place of business in Tuscaloosa County is approximately 20 minutes from the Hale County courthouse in Greensboro. This does not appear to be a situation where the petitioners will be inconvenienced simply by crossing the county line. Therefore, this case is not one that warrants a transfer under the doctrine of forum non conveniens.
 B. Intentional Failure to Provide a Safe Workplace
Count two in Sealy's complaint alleges that the petitioners failed to provide him with a safe workplace. Since Sealy filed his complaint, this Court has decided Ex parte Progress RailServices Corp., 869 So.2d 459 (Ala. 2003), which, according to Sealy's attorney, makes Sealy's claim difficult to maintain. Sealy's attorney wrote a letter to the trial court stating that "plaintiff, Sealy, does not object to Count 2 of the complaint being dismissed with prejudice."
The trial court has not dismissed that count of the complaint despite the letter from Sealy's attorney. The petitioners ask us to review this failure to dismiss the count. However, the petitioners and Sealy are free to sign a stipulation of dismissal under Rule 41(a)(1)(ii), Ala. R. Civ. P., a method procedurally more proper than seeking the extraordinary remedy of a writ *Page 313 
of mandamus. Therefore, we decline to issue the writ as to the trial court's failure to dismiss the claim alleging intentional failure to provide a safe workplace.
PETITIONS DENIED.
SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, and STUART, JJ., concur.
WOODALL, J., concurs in the result.
[1] A third petition for a writ of mandamus, case no. 1021862, was consolidated with these two petitions. The parties in that case have informed this Court that the trial court has entered an order dismissing the claim against Construction Claims Management, Inc., the petitioner in case no. 1021862. This Court is today dismissing that petition as moot by a separate order.
[2] The lack of specificity as to the nature of the expected testimony in Sealy's reference to the necessity for calling witnesses who reside in Hale County is problematic. In Ex parteWiginton, 743 So.2d 1071, 1076 (Ala. 1999), we discussed the necessity for "a showing on the general nature of the witnesses's testimony" but declined to reverse a transfer order where an objection challenging specificity was not raised below. The petitioners here stress the importance of their witnesses and describe the universe of witnesses as "all known persons" who witnessed the accident but do not attack the generality of Sealy's statement regarding the necessity for calling the witnesses who reside in Hale County.