I concur in the holding and its rationale to the effect that the forum selection clause is enforceable between the parties. I note that Smith has not presented evidence that the physical attendance of all or even any of the Alabama-resident nonparty witnesses he mentions would be necessary for a fair trial or that the documents he mentions would be too cumbersome or sensitive to take to a trial in Texas. See Ex parte Wiginton, 743 So.2d 1071
(Ala. 1999). Accord Ex parte General Nutrition Corp.,855 So.2d 475 (Ala. 2003).
I concur in the result of extending the benefit of the forum selection clause to the nonsignatories. The plaintiff's claims against them are intertwined with his claims against the signatory; the nonsignatories are not excluded from the operation of the clause by its text; and the forum selection clause is being enforced in favor of the signatory itself. See Auvil v.Johnson, 806 So.2d 343 (Ala. 2001). The cases cited in the main opinion to the effect that a nonsignatory may be bound do not seem apt. The party to be bound in the case before us is Smith, a signatory. The issue is whether the nonsignatories may bebenefited.