SHAW, Justice
(dissenting).
I respectfully dissent. Venue in this case is determined by Ala.Code 1975, § 6-3-7(a)(3), which states that, as to a foreign or domestic corporation, venue is proper:
“(3) In the county in which the plaintiff resided ... at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiffs residence.... ”
In explaining this section, we have stated:
“This Court has stated that ‘ “[a] corporation ‘does business’ in a county for purposes of § 6-3-7 if, with some regularity, it performs there some of the business functions for which it was created.” ’ Ex parte Wiginton, 743 So.2d 1071, 1074-75 (Ala.1999) (quoting Ex *917 parte SouthTrust Bank of Tuscaloosa, N.A., 619 So.2d 1356, 1358 (Ala.1993)). Furthermore, ‘isolated transactions’ in the past are inconclusive in determining venue. Ex parte Jim Skinner Ford, Inc., 435 So.2d 1235, 1236 (Ala.1983).”
Ex parte Pike Fabrication, Inc., 859 So.2d 1089, 1093 (Ala.2002).
I believe that the transaction at issue in this case — the execution of the timber-purchase and log agreements for the rights to timber on property located in Conecuh County — was simply an isolated transaction. Nothing before us indicates that International Paper Company and Chapman Forest Products, Inc., the respondents here, executed those transactions in Conecuh County “with some regularity.” Further, there is no evidence indicating that the respondents used timber harvested in Conecuh County pursuant to these agreements. Additionally, it is unclear whether the respondents’ “agents” did business in Conecuh County; specifically, copies of various agreements and documents in the materials before us indicate that the respondents’ agents executed those agreements and documents in other counties, including Shelby County and Jefferson County, as well as out-of-state locations.
I have previously expressed concern regarding this Court’s rationale in Ex parte Scott Bridge Co., 834 So.2d 79 (Ala.2002), upon which the main opinion relies:
“I question the conclusion reached in Scott Bridge that a corporation’s mere purchase of materials necessary to fulfill a principal corporate function actually equates, for purposes of § 6-3-7(a)(3), to the performance of the principal corporate function for which the corporation was created; however, this Court is not asked in the instant case to overrule Scott Bridge.”
Ex parte Greenetrack, Inc., 25 So.3d 449, 456 n. 4 (Ala.2009) (Shaw, J., concurring specially). Jerry Elliott, however, does not rely on or cite Scott Bridge, and, in my view, it is not dispositive of this case, so I see no need to address it.
BOLIN, J., concurs.