MAIN, Justice
(dissenting).
I respectfully dissent. The parties agree that venue is proper in Bullock County where the plaintiffs filed suit. Additionally, Pike County, the neighboring county, is also a proper venue, and it has a strong connection to Ben F. Hicks and Imogene W. Hicks’s claims. Nevertheless, I do not agree that Bullock County’s connection to the claims is so weak that the “interest of justice” would be offended by trying the case there. Given the relevant facts, including Wayne Farms’ major presence in Bullock County, the connection of its Bullock County operation to the incident, and the codefendant’s desire that the case remain in his home county, Bullock County has more than “little, if any, connection to the action.” See Ex parte National Sec. Ins. Co., 727 So.2d 788, 790 (Ala.1998) (“[T]he ‘interest of justice’ requires the transfer of the action from a county with little, if any, connection to the action ... to the county with a strong connection to the action.... ”). Thus, I would defer to the plaintiffs’ choice of venue and deny the petition. Ex parte Perfection Siding, Inc., 882 So.2d 307, 312 (Ala. 2003) (‘When venue is appropriate in more than one county, the plaintiffs choice of venue is generally given great deference.”).